SARAH NAMES ET AL., APPELLEES, V. L. W. NAMES,
APPELLANT, ET AL.

FILED JUNE 2, 1896.   No. 6608.

1. **Deeds as Mortgages.** A deed of real estate, absolute in its terms, executed and intended as a security for a debt or loan, will be construed as a mortgage merely, as between the parties, and all others, except good faith purchasers for value without notice.

2. ———: EVIDENCE. *Held,* That the deed from L. W. N. and wife to D. F. N. was not intended as an absolute transfer of the premises therein described.

3. **Action to Compel Reconveyance of Land.** *Held,* That this is not an action for relief on the ground of fraud, but one to compel a reconveyance of the property, the debt having been extinguished which the deed was given to secure.

4. ———: ———: LIMITATION OF ACTIONS. Such an action is not barred until the expiration of ten years after the right of action accrued.

5. **Tenants in Common: RENTS AND PROFITS.** A tenant in common who alone occupies the common property, and holds possession adversely as sole owner, or where he excludes his co-tenant from the enjoyment of the premises, is liable to his co-tenant for the rents and profits.

6. **Evidence: TRANSCRIPT OF FOREIGN JUDGMENT.** A transcript of a judgment of another state to be admissible in evidence must be duly authenticated in the mode prescribed by section 414 of the Code of Civil Procedure.

APPEAL from the district court of Dixon county. Heard below before NORRIS, J.

*W. E. Gantt,* for appellant.

References as to right of a tenant in common to recover from his co-tenant rents and profits: *Peck v. Carpenter,* 7 Gray [Mass.], 283; *Crane v. Waggoner,* 27 Ind., 52; *Shepard v. Richards,* 2 Gray [Mass.], 424; *Woolever v. Knapp,* 18 Barb. [N. Y.], 265; *Israel v. Israel,* 30 Md., 120; *Pico v. Columbet,* 12 Cal., 414; *Becnel v. Becnel,* 23 La. Ann., 150; *Kean v. Connelly,* 25 Minn., 222; *Fielder v. Childs,* 73

Ala., 567; *Terrell v. Cunningham,* 70 Ala., 100; *Everts v. Beach,* 31 Mich., 136; *Wilmarth v. Palmer,* 34 Mich., 347; *Davis v. Filer,* 40 Mich., 310; *Campau v. Campau,* 44 Mich., 31.

*Wigton & Whitham* and *B. W. Wood, contra.*

NORVAL, J.

The amended petition alleges, in effect, that plaintiff, Sarah Names, and the defendant, L. W. Names, on the 9th day of February, 1878, were husband and wife, and each owned an undivided one-half of the north half of section 7, township 28, range 4 east, in Dixon county; that Sarah has been ever since said date, and is now, the owner of an undivided one-half of the northwest quarter of said section; that on the 20th day of April, 1886, she sold and conveyed the undivided one-half of the northeast quarter of said section to her co-plaintiff, Sonneckson Sparks, who is now, and ever since has been, the owner thereof; that on June 7, 1882, the said Sarah Names and L. W. Names executed and delivered a deed covering the said northwest quarter to one De Witt F. Names, a brother of L. W. Names; that in order to obtain the signature of Sarah Names to said deed said L. W. Names represented to her that said deed was but a mortgage to secure a sum of money then owing by him to his said brother, De Witt F. Names; that L. W. Names would pay said indebtedness and redeem said land from said mortgage, and cause a reconveyance thereof to be made to the grantors; that said conveyance was executed and delivered for no other purpose whatever, and without any consideration to said Sarah, but that the same was executed by her for the sole accommodation of her husband, believing and relying upon his said representations; that said deed was but a mortgage, given for the sole purpose of securing said indebtedness; that on January 7, 1890, said De Witt F. Names conveyed said northwest quarter to the defendant, Charles E. Names, a

brother of L. W. Names; that on September 14, 1890, said Charles E. Names and wife deeded the same to Catharine Walrod, a sister of the defendants, and she and her husband, on February 24, 1891, conveyed the same to L. W. Names, who now holds the title to said northwest quarter, subject to the rights and equities of Sarah Names and subject to a certain mortgage executed by L. W. Names, and to two mortgages executed at his request by said De Witt F. Names; that L. W. Names, as tenant of Sarah Names, has used and occupied her interest in said premises ever since February 9, 1878, and has received the rents and profits thereof; that the rental value of such interest is the sum of $160 per annum, no part of which has been paid.   The said L. W. Names, as tenant of plaintiff Sonneckson Sparks, has used and occupied his undivided one-half interest in the said northeast quarter from April 20, 1886, until January 7, 1891, and received the rents and profits thereof; that the rental value of said interest in said premises is $80 per year, no part of which has been paid.   The prayer is that L. W. Names be required to execute and deliver a deed to Sarah Names of the undivided one-half of the said northwest quarter, and if he fails so to do within a reasonable time, that the decree rendered by the court be made to operate as such conveyance; that the incumbrances on said quarter section be decreed to be satisfied first out of L. W. Names' undivided one-half interest; that Sarah Names' title be quieted in her; and that a partition of said northwest quarter be made according to the respective rights of the parties interested therein, and that Sarah Names have judgment against L. W. Names for the sum of $2,400.   The plaintiff Sparks prays for a partition of the said northeast quarter, and for judgment against L. W. Names for the sum of $320.

The defendant, Charles E. Names, in his answer, admits that Sarah and L. W. Names were husband and wife, and were owners each of an undivided one-half interest in the north half of said section 7, and that the

deed to De Witt F. Names and the mortgages described in the amended petition were executed and delivered as alleged. All other averments of the petition are denied. The defendant, further answering, alleges that the causes of action set out in the amended petition did not accrue within four years next preceding the commencement of the action; that the answering defendant is the owner of an undivided one-half interest in the said northeast quarter of section 7, and that the plaintiff Sparks is the owner of the other undivided one-half interest in said premises. Defendant prays judgment confirming the shares of the parties as above set forth, and for a partition of said real estate according to the said rights of the parties interested therein.

The answer of L. W. Names contains the same admissions and denials of the allegations of the amended petition as stated in the answer of his co-defendant, and avers that the deed to De Witt F. Names was intended to convey a fee-simple title to the grantee therein; that Sarah Names signed the same with the full knowledge that she was thereby conveying all her title and interest in and to the lands therein described, and that she received one-half of the consideration paid by said De Witt for said land, to-wit, the sum of $500. The defendant for further answer pleads the statutes of limitations, and by way of cross-petition for first and second causes of action sets up the recovery of two judgments by him against Sarah Names, which it is alleged are unpaid, one in the supreme court of the state of Iowa, on December 8, 1885, in the sum of $225, and the other in the district court of Webster county, Iowa, on or about September 4, 1886, for the sum of $357.95. The defendant also alleges that since the recovery of said judgments said Sarah Names has been a non-resident of the state of Iowa, and pleads the statute of limitations of that state. For another cause of action it is alleged that Sarah and L. W. Names, in 1877, purchased and became the owners in common of the northeast quarter of said section 7, and

that said defendant has paid all the taxes subsequently levied and assessed on said quarter section until the year 1885, aggregating the sum of $150.22; that one-half of said sum, with interest from the several dates of payment, is due and payable from the said Sarah Names, and that during all the time between the dates of the payments of said taxes she was a non-resident of this state and absent therefrom. There are other averments in the answer, which need not be referred to, as they are not necessary to a consideration of the questions now involved.

The replies of the plaintiffs deny each allegation contained in the answers, and set up the statute of limitations against the causes of action pleaded by L. W. Names.

Upon the trial of the issues presented by the pleadings the court found that the plaintiff Sparks and the defendant Charles E. Names were the owners each of an undivided one-half interest in the said northeast quarter of section 7, and that they were entitled to the partition of said real estate. The court further found, in substance, that the deed executed and delivered to De Witt F. Names to said real estate was intended as a mortgage; that whatever right, title, and interest he had in said tract has been redeemed and the premises reconveyed to L. W. Names, who now holds the legal title to the entire northwest quarter, the undivided one-half thereof being in trust for Sarah Names; that the mortgages on said real estate described in the amended petition were placed thereon by L. W. Names, or for his benefit, and that the same are to be satisfied first out of his undivided interest in said premises, before subjecting her interest to the payment of the same; that Sarah and L. W. Names were the owners in fee each of an undivided one-half of said land, and that partition thereof should be made. The court further found to be due Sarah Names from L. W. Names the sum of $750, for rents and profits; that there was nothing due the latter on the judgment pleaded

49

as his first cause of action in the cross-petition; that there is due from Sarah Names to L. W. Names on his second cause of action, the judgment recovered in the district court of Webster county, Iowa, the sum of $526.88; that there is due him for taxes paid $56.52, and that there is a balance due plaintiff, Sarah Names, from the defendant, L. W. Names, the sum of $166.60. From the decree rendered upon said findings the defendant, L. W. Names, appeals.

It is conceded by the respective parties that the decree, in so far as it partitions the northeast quarter of said section 7, is right. The only controversy in this court is between Sarah and L. W. Names. It is undisputed that while they were husband and wife and the owners, each, of an undivided one-half of the northwest quarter of said section 7, they executed a deed of said real estate to De Witt F. Names; that subsequently through *mesne* conveyances, as alleged in the petition, L. W. Names obtained title to the whole quarter section, and so held the same when this action was instituted. The main dispute arises over the deed to De Witt F. Names, the defendant claiming that it was executed and intended by the parties as an absolute conveyance of the land to the grantee therein mentioned, while Mrs. Names insists that the deed, although absolute in form, was given to secure her husband's debt, and, therefore, is in effect a mortgage merely. It is the settled law of this state that a deed absolute in its terms, when given to secure a debt, as between the parties thereto, and all others except good-faith purchasers for value without notice, will be construed by the courts to be a mortgage only. (*Wilson v. Richards*, 1 Neb., 342; *McHugh v. Smiley*, 17 Neb., 626; *Eiseman v. Gallagher*, 24 Neb., 79; *Tower v. Fetz*, 26 Neb., 706; *Kemp v. Small*, 32 Neb., 318.) L. W. Names having been one of the grantors in the deed to De Witt F. Names, is not a *bona fide* purchaser of the premises, and Mrs. Names is not precluded from showing the character and purpose of the conveyance. She is, however, required to

establish by clear and convincing evidence that such deed was intended as security for a debt or loan, and that the same has been satisfied, in order to obtain a reconveyance of the premises.

It is urged that the findings of the district court that the conveyance in question was a mortgage is unsupported by the evidence, or rather is contrary to the weight thereof. It is not, and cannot be successfully, contended that there is no testimony to sustain the finding that the deed was intended to operate as a mortgage. Mrs. Names testified positively that the deed was executed to secure a loan of money obtained by L. W. Names from his brother De Witt; that she received no consideration for the conveyance, and that there was no absolute sale of the land. Neither of the other parties to the instrument was called as a witness to contradict her testimony. Mrs. Names is fully corroborated by the witness Miss Acres, who testified to admissions made to her by L. W. Names, to the effect that the deed was executed in anticipation of divorce proceedings against Mrs. Names, which he afterwards brought; that the sale to De Witt was a sham, and that L. W. Names owned the land. It was further shown that after the deed to De Witt was executed, he gave a power of attorney to L. W. Names authorizing him to mortgage, sell, and handle the land in dispute as he saw proper, and that the latter continued to care for and rent the premises. The defendant called several witnesses, not parties to the conveyance, however, who testified substantially that they were present when the deed in question was delivered, and that De Witt F. Names paid $1,000 for the quarter section, $500 to each of the grantors. There was introduced other evidence tending to show that an absolute sale of the land was made to De Witt. It should be stated that Mrs. Names in her testimony denies receiving $500, or any other sum, on account of her signing the deed. It will be observed that the record discloses a marked conflict in the evidence, that given on the one side being sufficient to up-

hold the deed as an absolute conveyance according to its terms, and that on behalf of the plaintiff tends to prove or establish that the instrument was executed by Mrs. Names as a mortgage merely. The court below must have believed the plaintiff's witnesses, and we cannot say it should not have done so, although the greater number of persons testified for the defense on this branch of the case. It is not for us to weigh the testimony farther than to ascertain that the finding complained of is supported by the proofs, and we are convinced that it is. It is not so clearly and manifestly wrong as to make it the duty of this court to disturb it.

It is urged that this is an action for relief on the ground of fraud, and was therefore barred in four years after the discovery of the facts constituting the fraud. We think counsel mistakes the purport of the suit. It is not to obtain relief on the ground suggested, but rather one to have the true character of the deed to De Witt F. Names established, and to compel a reconveyance to Sarah Names of her interest in the premises, the mortgage debt having been extinguished. The statute of limitations does not run against such an action until the expiration of ten years after the cause of action accrues, and this suit was instituted within that period. (*Wilson v. Richards*, 1 Neb., 342; *McKesson v. Hawley*, 22 Neb., 692; *Baldwin v. Burt*, 43 Neb., 245.) It is true it was alleged and proved on the part of the plaintiff that L. W. Names represented to his wife that the deed was a mortgage, and that relying thereon she was induced to sign the same. The purpose of this was to estop L. W. Names from claiming that the instrument was in fact, as it was in form, an absolute conveyance. Relief is not predicated upon the misrepresentations of the defendant, but rather upon the fact that the deed was intended and treated as a mortgage, and that L. W. Names wrongfully took a conveyance of the title to himself alone, ignoring the interests of his wife in the premises.

Another point urged is that L. W. Names was entitled

to a lien upon the land for the sum of $500, which it is claimed was received by his wife when the deed to De Witt was given. There are two valid answers to this contention: First, no lien is claimed therefor in the answer. In the next place, there was sufficient evidence to show that Sarah Names did not receive the $500, or any other sum, as a consideration for making the deed. If she did not, then it is plain no recovery can be had against her for the same.

Complaint is made of that part of the finding which charges L. W. Names with the rents and profits of Sarah Names' interest in the premises. While there is a conflict in the authorities upon the proposition whether a co-tenant in the exclusive possession of the common property is liable to account for the value of such occupation, in the absence of an agreement to pay rents, where there has been no denial of the right of his co-owner to enter and enjoy with him, the weight of the adjudications in this country sustains the rule that where a tenant in common excludes his co-tenant from the enjoyment of the common property, or where he takes possession of the whole and holds the same adversely as owner, he is liable for the rents. (*Valentine v. Healey*, 86 Hun [N. Y.], 259; *Holmes v. Best*, 5 Atl. Rep. [Vt.], 385; *Almy v. Daniels*, 4 Atl. Rep. [R. I.], 753; *Scantlin v. Allison*, 4 Pac. Rep. [Kan.], 618; *Minter v. Durham*, 11 Pac. Rep. [Ore.], 231; *Edsall v. Merrill*, 37 N. J. Eq., 114; *Gage v. Gage*, 29 Atl. Rep. [N. H.], 543; *Wood v. Griffin*, 46 N. H., 230; *Zapp v. Miller*, 15 N. E. Rep. [N. Y.], 889; 11 Am. & Eng. Ency. of Law, 1099, and cases there cited.) It is undisputed that L. W. Names has held possession of the entire quarter section under a claim of exclusive right. He insisted that he was the sole owner of the premises and alone had the right to the rents and profits derived therefrom. Mrs. Names was, we think, entitled to recover her share of the value of the use or rental of the property for four years prior to the commencement of the action, without interest, as no demand was made. No rents prior to said

period are recoverable, since the statute of limitations
had run against them. The amount allowed by the
court, $750, was too large. The rental value of the entire
quarter section did not exceed $320 per year, which for
four years aggregates the sum of $1,280. One-half of
this amount, or $640, would belong to each co-tenant.
The decree, as to the amount of rents for which the de-
fendant is accountable, is excessive to the extent of $110.

Another proposition advanced is that the court erred in
rejecting a portion of the claim of L. W. Names for taxes.
A perusal of the evidence convinces us that he was al-
lowed fully one-half of the money paid out by him as
taxes on the northeast quarter of said section, and he has
no just cause to complain of the decree in this particular.

Objection is made to the disallowing of the defendant's
first cause of action set up in his cross-petition, which is
based upon a judgment for costs alleged to have been ob-
tained by L. W. Names against Sarah Names in the su-
preme court of the state of Iowa. The recovery of the
judgment is denied by the reply, and there is no com-
petent proof in the record of the existence of the judg-
ment. True, a transcript of that which purports to be
such a judgment was introduced in evidence, but it con-
tained no certificate of the presiding judge, and its ad-
mission in evidence was specifically objected to on that
ground. The transcript not having been authenticated in
the mode prescribed by section 414 of the Code of Civil Pro-
cedure, it was insufficient to prove the existence or recov-
ery of the judgment pleaded; hence, the court was right
in wholly rejecting the cause of action based thereon.

The only error we have discovered in the record is as
to the amount of the personal judgment rendered in favor
of Mrs. Names, which was for $166.60. This sum is $110
too large, that being the amount which we have already
determined the finding of the court against the defendant
for rents was excessive. The decree will be modified in
this respect, and in all others it is affirmed.

JUDGMENT ACCORDINGLY.