N. B. HOGG v. GEORGE P. REYNOLDS.

FILED MAY 22, 1901. No. 9,604.

1. **Lease:** ASSIGNMENT: LIABILITY FOR RENT. Where a lessee assigns
his whole estate in all the demised premises, the assignee is
liable to the lessor for the whole of the rent reserved in the
lease.

2. ———: ———: PRIVITY OF ESTATE. Whether a transfer of the
lessee's interest destroys the privity of estate subsisting between
him and the landlord and creates that relation between the
landlord and the transferee, depends upon the estate demised
and the estate transferred being precisely identical.

3. **Assignment of Lease:** PRIVITY OF ESTATE: LIABILITY OF ASSIGNEE.
One who acquires by assignment the lessee's entire interest in
a distinct part of leased land is, as to such part, in privity of
estate with the lessor and liable to him for a proportionate
share of the rent. But such assignee is not in privity of estate
with the lessor as to the portion of the land not covered by
the assignment, and is, therefore, not liable for the entire rent
reserved in the lease.

ERROR from the district court for Butler county.
Tried below before SEDGWICK, J. *Affirmed.*

*Steele Bros.* and *Hastings & Hall*, for plaintiff in error.

*George P. Sheesley, Matt Miller* and *C. H. Aldrich, contra.*

SULLIVAN, J.

This was an action brought by N. B. Hogg against George P. Reynolds to recover the sum of $100 claimed to be due as rent upon a farm lease. The jury found in favor of the defendant and judgment was rendered on the verdict. The facts essential to an understanding of the case may be compressed into a few sentences: George E. and N. B. Hogg owned a section of land in Butler county which they leased to D. M. Frey and T. A. Kirkpatrick for five years at an annual rental of $500. Afterwards, the lessees having made a division between themselves of the demised premises, Frey, to whom had been assigned the exclusive right to use and occupy the west half of the section, made a transfer of his interest to the defendant by the following indorsement upon the lease:

"Know all men by these presents, that I, D. M. Frey, do hereby sell, assign and set over to Geo. P. Reynolds, all my right, title and interest in the within lease, the same being the privilege of paying $\frac{1}{2}$ half of the sum named in the within lease, and the undivided use of the west half of said section 29, town 13, range 3 east, for the unexpired part of the five years named within. Witness my hand this the day and year last written above,

"Witnessed by H. S. CRAIG.      (Signed) D. M. FREY."

Under this arrangement the defendant entered into possession of the west half of the leased land and occupied the same during the life of the lease, paying to the plaintiff, who is now the sole owner of the reversion, one-half of the entire rent as the several installments became due. Kirkpatrick, who held exclusive possession of the east half of the section, having failed to pay his share of the last installment of rent due to the plaintiff, this action was instituted against Reynolds on the theory that he had, by the assignment, succeeded to the rights and assumed the liabilities of Frey.

The doctrine of the authorities undoubtedly is that

where a lessee assigns his whole estate in all the demised premises, the assignee is liable to the lessor for the whole of the rent reserved in the lease. The covenant to pay rent runs with the land, and the assignee, being in privity of estate with the landlord, is directly liable to him for the installments accruing while that relation exists. *Sexton v. Chicago Storage Co.*, 129 Ill., 318; *Trask v. Graham*, 47 Minn., 571; 2 Taylor, Landlord and Tenant [8th ed.], sec., 436; 12 Am. & Eng. Ency. Law [1st ed.], 738. Whether a person claiming an interest in real property under a lessee is liable upon the covenant to pay rent, or upon other covenants running with the land, depends upon the existence of privity of estate between such person and the lessor. In other words, whether a transfer of the lessee's interest destroys the privity of estate subsisting between him and the landlord and creates that relation between the landlord and the transferee, depends upon the estate demised and the estate transferred being precisely identical. *Sutliff v. Atwood*, 15 Ohio St., 186; *Woodhull v. Rosenthal*, 61 N. Y., 382; 1 Parsons, Contracts [8th ed.], *231; Tiedeman, Real Property, sec. 182; 1 Washburn, Real Property [5th ed.], 541. The estate vested by the lease in Frey was an undivided interest for a term of years in the whole of the land. The estate transferred by Frey to Reynolds was an exclusive right for a limited period to use and occupy the whole of the west half of the land. The legal effect of the division of the property between the lessees was to make each, during the term, the sole owner of a specific moiety. Frey, by the arrangement between himself and Kirkpatrick, became possessed of the entire interest of both lessees in the west half of the section; and the assignment of this interest to the defendant established between him and the plaintiff a privity of estate as to a distinct part of the land. Having previously relinquished his interest in the east half of the section, it is quite evident that Frey had neither the power nor purpose, by the assignment written on the lease, to transfer

to the defendant any right or interest in that part of the demised premises. Being possessed of the whole estate of both lessees in part of the land the defendant was liable to the plaintiff for a proportionate share of the rent. *Fulton v. Stuart*, 2 Ohio, 216; *Curtis v. Spitty*, 1 Bing., N. Cas., 756; *Van Rensselaer v. Bradley*, 3 Denio [N. Y.], 135; *Woodhull v. Rosenthal, supra; Babcock v. Scoville*, 56 Ill., 461. In the last mentioned case it is said, page 467: "Where a covenant running with the land is divisible in its nature, if the entire interest in different parcels of the land passes by assignment to different individuals, the covenant will attach upon each parcel *pro tanto*, and the assignee will be answerable for his proportion only of any charge upon the land, which was a common burden upon the whole." In *Van Rensselaer v. Bradley, supra,* the rule with respect to the apportionment of rent in cases like the one before us is thus stated by Mr. Justice Jewett, page 143: "The rent must be apportioned, when the landlord seeks to recover of an assignee for a part of the premises according to the value of the land, and it is the business of the jury upon evidence produced to apportion the rent to the value of the land." No case holding a contrary doctrine has been brought to our attention and it is believed none can be found. The defendant having paid one-half of each installment of rent maturing after the assignment was executed, and there being no evidence to show that he was liable for more, the verdict was necessarily right and the judgment must, therefore, be

AFFIRMED.