WILLOE C. GREGORY, APPELLEE, V. AMERICAN BANK BUILD-ING COMPANY ET AL., APPELLEES: GEORGE C. FLACK, INTERVENER, APPELLANT.

FILED MAY 6, 1922.   No. 22460.

1. **Lease:** ASSIGNMENT: PAROL EVIDENCE. It is competent to prove by parol evidence that the parties to an assignment of a lease of real estate, though absolute in form, intended it as collateral · se-curity for a debt.

2. ————: ASSIGNMENT AS COLLATERAL. An assignment of a lease of real estate and a separate option permitting the assignor to re-purchase the lease may be treated as security for a debt, if the parties so intended.

3. **Attachment:** INTERESTS OF LESSEE. The interests of lessee in a lease of real estate may in a proper case be attached by his creditors.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Affirmed.*

*William Baird & Sons* and *T. F. Wiles,* for appellant.

*Hastings, Ritchie & Canaday, Palmer, Taylor & Palmer* and *Smith, Schall & Howell, contra.*

Heard before Day, Dean, Flansburg and Rose, JJ.

Rose, J.

This is a controversy over the nature of an assignment of a lease. The attitude of the assignee is that the assignment transferred to him the indefeasible title of the assignor. The other litigants take the position that the assignment is collateral security for debts.

The facts out of which the controversy arose are somewhat complicated. The leased property is used for rental purposes and consists of a lot and a building thereon at the southwest corner of Nineteenth and Farnam streets in Omaha. Harold Gifford, Willson O. Bridges and Wilson T. Graham owned the fee and leased the property to Marion F. Shafer, Ward E. Shafer and Lee M. Swindler May 1, 1919, for a term of 99 years at an annual rental of $16,000, payable in quarterly instalments of $4,000 each. The lessees transferred the lease November 4, 1919, to the American Bank Building Company, hereinafter called the "Building Company." The litigation was commenced by Willoe C. Gregory, plaintiff, December 23, 1920, against the Building Company to recover damages for false representations in the sale of stock. The Building Company assigned the lease to George C. Flack February 8, 1921, but he did not have it filed for record until March 11, 1921. In the meantime plaintiff attached the leasehold March 2, 1921, and later garnished the rents in the hands of the tenants. Flack intervened in plaintiff's action June 10, 1921, and pleaded his interests as an assignee or as an innocent purchaser of the lease. Judgment was rendered against the Building Company in favor of plaintiff July 16, 1921, for $2,690.33. Judgment was also rendered against the Building Company September 6, 1921, for $2,193.30 on a similar cause of action in favor of Louise Schoepflin, an intervening defendant. September 14, 1921, Stanley P. Bostwick was appointed receiver of the Building Company with authority to collect the rents from the tenants occupying the leased premises. On is-

sues raised by the pleas of Flack and the other litigants, including the Building Company, the trial court decreed, among other things, that Flack's assignment is collateral security for debts owing by the Building Company to him in the sum of $17,777.50; that plaintiff has a prior lien for $2,487.31 on the funds in the hands of the receiver, and that intervener Schoepflin has also a lien thereon for $2,198.30, which is inferior to plaintiff's but superior to Flack's. From this decree Flack has appealed.

It is argued on behalf of Flack that he is the absolute owner of the lease under a written assignment or contract of purchase which cannot be contradicted or varied by parol evidence. The negotiations between Flack and the Building Company resulted in the execution of two instruments. One was the assignment, absolute in form; the other was an option permitting the Building Company to repurchase the lease by August 1, 1921. The option was not exercised within the time limited, and it is insisted that the contract was a conditional sale which became absolute on the date mentioned. The position thus taken seems to be untenable. It is competent to prove by parol evidence that the parties to an assignment of a lease of real estate, though absolute in form, intended it as security for a debt. The two instruments in question are subject to that rule.

It is contended, however, that the evidence is insufficient to sustain a finding that the lease was assigned to Flack as collateral security for the debts of the Building Company. This does not seem to be the proper view of the record. There is proof that the parties to the assignment intended it to be collateral security. Circumstances confirm that conclusion. There is testimony to show the following facts: Part of the original consideration for the lease was $40,000 paid in cash. The Building Company was embarrassed by litigation and debts and applied to Flack for a loan. Representatives of the Building Company were called to the office of Flack and there found that the lease and the option had already been drawn. The

nature and the purpose of the instruments were discussed. Owing to the character of the property or leasehold, an assignment was demanded instead of a mortgage. An agent was selected to collect the rents for the benefit of the Building Company. The giving of notes was mentioned, but the amount of money needed by the Building Company was not definitely known and Flack's attorney said that notes were not to be given. Flack was to ad-. vance at the time $4,000 and additional sums to protect the lease. He did not take possession of the leased premises or collect the rents from the tenants—rights accruing under an absolute assignment. In his behalf there is proof of a different. import, but the more convincing evidence leads to the conclusion that the assignment was in fact collateral security for money which Flack agreed to advance to creditors of the Building Company. The 'latter's interests in the lease were subject to the attachment which was levied before Flack filed his assignment. In this view of the facts and the law, there does not seem to be any error in the decree of the district court.

AFFIRMED.