MINNIE A. BRAYTON, EXECUTRIX, APPELLEE, V. EDNA FISHER JACKSON, ADMINISTRATRIX, ET AL., APPELLANTS.

FILED DECEMBER 31, 1924. No. 24327.

**Tenancy in Common:** ACCOUNTING. Evidence examined, and *held* to support a finding and judgment for plaintiff for $2,298.09.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Remanded, with directions.*

*John M. Tucker, Allen G. Fisher* and *Charles A. Ruby,* for appellants.

*James C. Quigley, Oliver M. Walcott* and *J. J. Harrington, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and GOOD, JJ., and SHEPHERD, District Judge.

DAY, J.

This is an action for an accounting for rents alleged to have been collected by Walter S. Jackson upon certain real estate held as tenants in common by Walter S. Jackson and Frank Brayton. The action was commenced by Minnie A. Brayton, executrix of the estate of Frank Brayton, deceased, against Walter S. Jackson and his wife, Edna Jack-

son.  While the case was pending, Walter S. Jackson died, and the action was revived in the name of Edna Fisher Jackson, administratrix of his estate.  The trial resulted in a judgment in favor of the plaintiff and against the defendant, Edna Fisher Jackson, administratrix, for $2,350. Defendant appeals.

The record shows that Frank Brayton and Walter S. Jackson were tenants in common, each owning an undivided one-half in certain business property in Valentine, Nebraska.  After the death of Brayton on August 10, 1918, Jackson continued to collect the rents from the several occupants of the premises, and in addition for several years occupied seven rooms in one of the store buildings as a dwelling.  In addition to the ownership of the real estate as above described, Brayton and Jackson had been partners in a mercantile business which later was incorporated under the name of the Red Front Mercantile Company, in which corporation Brayton and Jackson were stockholders. A good deal of confusion has arisen in the present action by the introduction of evidence pertaining to the accounts of the partnership business and the business of the corporation.  The case is before us for a trial *de novo*.

From an examination of the record we conclude that Jackson should be charged with the following items:

| | |
|---|---|
| Rent collected up to April 1, 1923 | $18,164.21 |
| Rent collected after April 1, 1923, from Red Front Mercantile Co. | 990.00 |
| Rent from Dr. Meer | 220.00 |
| Rent from Dr. Ulrich | 30.00 |
| Rent from Dr. Johnson | 60.00 |
| Rent of premises occupied by Jackson for 68 months at $25 a month | 1,700.00 |
| Total | $21,164.21 |

Jackson should be credited with the following items:

| | |
|---|---|
| Payment of taxes | $ 2,348.35 |
| Janitor services $38 and $60 | 98.00 |
| Certain checks described as unindorsed | 1,900.97 |

| | |
|---|---|
| Certain checks described as indorsed.... | 4,603.83 |
| Note paid to Farmers Nat. Bank............ | 1,016.89 |

Total _____$9,968.04

Deducting the amount of the credits from the amount collected would leave a balance belonging to each of the parties of $5,598.09. Of the rents so collected Jackson paid to Mrs. Brayton during the period $3,300, leaving a balance of $2,298.09, for which the plaintiff is entitled to judgment.

Some reference has been made in the evidence and in the briefs to a note of $1,500 in favor of Mrs. Brayton in her individual capacity. This note has no place in this accounting. The fact that an attempt was made to have it considered should not prejudice the rights of Mrs. Brayton in a proper action on the note.

The cause is remanded, with directions to enter a judgment in favor of the plaintiff and against the defendant for $2,298.09, each party to pay half the costs in both courts.

REMANDED, WITH DIRECTIONS.