HATTIE WINN ET AL., APPELLEES, V. JESSE G. WINN ET AL.,
APPELLANTS.

FILED OCTOBER 23, 1936. No. 29743.

*Brome & Thomas,* for appellants.

*Ralph M. Kryger* and *Webb Rice, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MUNDAY, District Judge.

CARTER, J.

This is an action for the partition of lots 13, 14 and 15, in block 19, in the city of Neligh, Antelope county, Nebraska. From a decree granting a partition thereof and fixing the rights of the various parties in the property, the defendants have appealed.

The record discloses that on December 4, 1906, Abner G. Winn died intestate, seised and possessed of the three city lots involved in this suit, which will hereafter be referred to as lots 13, 14 and 15. He left surviving his wife, three daughters and two sons. The probate of his estate was not completed until December 1, 1913, which was after the death of his widow. Prior to February 12, 1934, the defendant Jesse G. Winn had become the owner of the undivided one-fifth interest of his brother George Winn, so that he was then the owner of an undivided two-fifths interest, and each of his three sisters, the plaintiffs herein, was the owner of an undivided one-fifth interest. On February 12, 1934, the youngest sister, Grace Winn, became the owner of the undivided two-fifths interest of Jesse G. Winn in lot 15 by purchase at execution sale on a judgment she had procured against him for money that she had loaned to him.

The record discloses that after the death of Abner G. Winn in 1906 the widow and five children continued to live in the home located on the property involved in this action. Also located on the property were a blacksmith and repair shop that had been operated by Abner G. Winn with the help of his son Jesse G. Winn. Jesse G. Winn continued to operate the shop and support the family after the death of the father. During the lifetime of the mother, and prior to the final settlement of the estate of Abner G. Winn, Jesse G. Winn built a garage building on the lots, and, as business increased, enlarged it so that, at the time the estate of Abner G. Winn was finally closed in 1913, there was a building 48 feet by 142 feet extending across all three lots from north to south. Subsequent to the closing up of the estate of his father, he added additional space by erecting a building 80 feet long and 46 feet wide on the west side and at the north end of the existing garage building. The interests of the various parties in this building must necessarily be determined. The defendant contends that he also spent large sums of money in repairing and remodeling the residence on the premises, as well as in the maintenance of the three sisters over a period of years. The plaintiffs con-

tend that they worked in the garage office for many years and maintained the home without being paid compensation. They also contend that Jesse G. Winn failed to pay any rent on the premises. The record further discloses that Jesse G. Winn paid the taxes on the property up to and including the year 1924, and then made no further payments thereon. On January 31, 1934, Augusta Winn, wife of Jesse G. Winn, purchased a certificate of tax sale of the property in question for the sum of $1,737.75 with funds she alleged to be her own, and subsequently paid the 1934 taxes amounting to $106.20, and now asks for a tax sale foreclosure of the amount due her. The record further shows that Lyle E. Jackson has a first mortgage lien against the undivided two-fifths interest formerly owned by Jesse G. Winn, which is also prior to the rights of Grace Winn in the undivided two-fifths interest in lot 15 which she purchased at the execution sale hereinbefore referred to.

The trial court ordered a partition of the real estate; denied the claim of a tax lien on the part of Augusta Winn on the theory that she purchased the tax sale certificate as the agent and with the money of her husband Jesse G. Winn; denied plaintiffs the right to an accounting against Jesse G. Winn, except for the last two years involved in the action; fixed the rental value of the garage at $25 a month during the two years; found that Jesse G. Winn is entitled to contribution from plaintiffs for the present value of the improvements placed on lots 13 and 14 after December 1, 1913, the date the final decree was signed in the probate of the Abner G. Winn estate, found the amount to be $1,109.24 and granted an equitable lien therefor; found that Jesse G. Winn is entitled to contribution for improvements placed on lot 15 after December 1, 1913, fixed the amount due at $856.31 and granted an equitable lien therefor; found that Jesse G. Winn is entitled to an equitable lien for the money represented by the tax certificate purchased by his wife, making $425.88 a lien on lot 15, and $851.76 a lien on lots 13 and 14; fixed the mortgage lien of Lyle E. Jackson as a first lien upon an undivided two-fifths interest in all of said

lots in the amount of $400 and interest; found that Daisy Winn and Grace Winn assisted Jesse G. Winn in the conduct of the business from December 1, 1913 to January 1, 1925, and denied a right of contribution from them during that period. From this decree, defendants have appealed.

It will be noted in the case at bar that the defendant Jesse G. Winn made improvements on the premises after the death of his father in 1906, and prior to the date of the filing of the final decree of distribution in 1913 in the proceedings wherein his father's estate was probated. The trial court held that any claim for improvements made while the estate was being administered could not successfully be maintained against the other heirs at law. The other heirs at that time were not entitled to possession of the premises. Neither had it been determined by the probate court that there would be any interest remaining after the payment of debts and the costs of administration. The trial court correctly found that Jesse G. Winn had no claim for contribution against the other heirs prior to December 1, 1913, the date the final decree in the probate of his father's estate was filed.

The trial court found that the improvements placed on lots 13 and 14 after December 1, 1913, enhanced the value of the premises to the extent of $1,109.24, and the improvements placed on lot 15 during the same period enhanced the value of the premises to the extent of $856.31. The evidence was conflicting as to the amount that the improvements enhanced the value of the property. The trial court heard the evidence and saw the witnesses on the witnessstand. Under these circumstances we conclude that the trial court is in a better position to determine the issue than is this court. The evidence in the record is amply sufficient to sustain the trial court's finding. We conclude, therefore, that the findings of the trial court with reference to the amounts that the improvements enhanced the value of the premises are correct.

It appears from the record that Jesse G. Winn paid the

taxes on the property in question up to and including the year 1924. None of the taxes accruing after 1924 has been paid. On January 31, 1934, Augusta Winn, the wife of Jesse G. Winn, purchased the lots in question at tax sale for the sum of $1,737.75, and on May 2, 1935, paid the 1934 taxes amounting to $106.20, making the total amount due $1,843.95, plus interest. The trial court found that the tax sale certificate was in fact purchased by the husband. The evidence of Augusta Winn and Jesse G. Winn is to the effect that the money used was that of the wife, that some of it had been earned by her prior to her marriage and the balance left to her by her parents. There is no evidence in the record disputing this evidence. Under such circumstances, Augusta Winn is entitled to a finding in her behalf. Without going into the evidence in detail, we conclude that the finding of the trial court that the tax sale certificate was purchased with the funds of Jesse G. Winn is erroneous. We hold that Augusta Winn is entitled to a decree foreclosing her tax lien as a first lien on the property in question. That a wife may purchase a tax sale certificate on the lands of her husband seems to be settled law. In *Willard v. Ames,* 130 Ind. 351, 30 N. E. 210, the court said: "It seems to be settled law that a husband, whose duty it is to look after the business interests of his wife and family, as well as to support them, will not be permitted to acquire title to the property of his wife by purchase at a tax sale; but we know of no law to prevent a wife from purchasing at a public tax sale the lands of her husband, or of others of which he is in possession, provided the purchase is made on her own account and with her own money. A wife is under no obligation, moral or legal, to pay the taxes on her husband's property." For the purpose of determining the rights of all the parties, we find that of the amount of $1,843.95, $614.65 plus interest is a first lien on lot 15, and $1,229.30 plus interest is a first lien on lots 13 and 14.

The record further discloses that after December 1, 1913, and prior to the tax year 1925, the defendant Jesse G. Winn paid taxes on the property in question in the amount of

$1,472.17. We are of the opinion that the defendant Jesse G. Winn is entitled to contribution from his cotenants in common on this amount plus interest. In *Carson v. Broady,* 56 Neb. 648, 77 N. W. 80, this court said: "The purchase by a tenant in common of an outstanding title to, or encumbrance on, the joint estate inures to the common benefit; and the purchaser is, in such case, entitled to contribution from his cotenant." Also, in *Hanson v. Hanson,* 4 Neb. (Unof.) 880, 97 N. W. 23, this court said: "A tenant in common who discharges encumbrances or makes lasting and valuable improvements upon the property under circumstances entitling him to reimbursement, is entitled to interest upon moneys expended in so doing." We conclude therefore that Jesse G. Winn is entitled to contribution proportionate to their interests from his cotenants for the sum of $1,472.17 advanced for taxes, plus interest not exceeding the amount prayed for in his answer. Of this amount thus found to be due one-third thereof will be deemed to be an equitable lien against the interests of his cotenants in lot 15, and two-thirds against the interests of his cotenants in lots 13 and 14.

Plaintiffs contend that they are entitled to rent during the time Jesse G. Winn was using their property. Defendant contends that cotenants in joint use and possession of property are not entitled to collect rent for the use of the common property in the absence of a showing that the cotenant being charged wrongfully excluded other cotenants. We agree with this contention of the defendant. Do the facts in this case place it within the rule? We think not. The evidence shows that Jesse G. Winn at all times after December 1, 1913, was in the exclusive possession of the garage building on the lots in question. It is true that the record shows that two of the sisters worked in the garage office at times, but it is clear that they worked as employees and not by virtue of their interest in the real estate as tenants in common. It would appear, therefore, that the other cotenants in common would be entitled to a reasonable rental for the premises while they were occupied solely by

the defendant Jesse G. Winn for his personal use. The evidence of the rental value of the premises is conflicting and unsatisfactory. The trial court found that a reasonable rental over a period of years, after considering the fact that the defendant had constructed the improvements on the premises, was $25 a month. We think the evidence sustains such a finding. We hold, therefore, that each cotenant owning a one-fifth interest in the property is entitled to rent at the rate of $5 a month from December 1, 1913. Hattie Winn is therefore entitled to receive $1,227, Daisy Winn $1,227 and Grace Winn $1,242, as rent due on May 12, 1934, the date of filing the petition.

We therefore conclude that plaintiffs are entitled to a decree ordering a partition of the premises; the defendant Augusta Winn is entitled to a foreclosure of her tax sale certificate as a first lien; the intervener Lyle E. Jackson is entitled to a second lien on the two-fifths interest formerly owned by the defendant Jesse G. Winn, to be satisfied first from the sale of lots 13 and 14, and, if this be insufficient, the balance from the sale of lot 15; that the defendant Jesse G. Winn is entitled to contribution from his cotenants in common for the taxes he advanced plus interest, to be decreed an equitable lien therefor in the manner and amount previously set out in this opinion; that the defendant Jesse G. Winn is entitled to contribution from his cotenants for their proportionate share of the amount that the improvements enhanced the value of the premises in the manner and amount previously set out herein, and to an equitable lien against their interests in the premises; that the plaintiffs are entitled to a judgment for rent in the amounts hereinbefore mentioned, to be offset, first, against defendant Jesse G. Winn's equitable lien for taxes advanced, second, against the defendant Jesse G. Winn's equitable lien for improvements made on the property, and, if there be a balance remaining unpaid, that it be an equitable lien against any interest the defendant Jesse G. Winn may have in said property.

The decree of the district court granting a partition of

the premises involved in the suit at bar is affirmed, and that part of the decree adjudicating the rights of the parties in the property is reversed and the cause is remanded, with instructions to modify the decree of the district court to comply with this opinion.

AFFIRMED IN PART AND REVERSED IN PART.