STATE, EX REL. WALTER R. JOHNSON, ATTORNEY GENERAL, APPELLANT, V. COMMERCIAL STATE BANK, APPELLEE.

7 N. W. (2d) 654

FILED JANUARY 22, 1943. No. 31491.

*Walter R. Johnson, Attorney General,* and *Robert A. Nelson,* for appellant.

*George B. Hastings, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

The state of Nebraska commenced this action to recover the payments and interest due by the terms of a school-land lease. The trial court found for the defendant bank and the state appeals.

The evidence shows that the school-lands in question were leased to one Ben Brinkema on December 31, 1924, for a period of 25 years and the lease recorded in the office of the board of educational lands and funds. On June 29, 1927, the lessee assigned his interest in the lease to L. E. Smith, this assignment also appearing of record in the of-

fice of the board of educational lands and funds. On March 1, 1928, the lease was assigned to the defendant Commercial State Bank of Elsie and the assignment recorded in the office of the board of educational lands and funds. After the lease was assigned to the bank, the semiannual rentals due under the lease after March 1, 1928, and prior to July 1, 1930, were paid. On or about November 12, 1932, the board of educational lands and funds forfeited the lease for nonpayment of rent, at which time there remained due and unpaid the sum of $949.29. In February, 1934, the improvements on the school-land were sold for $50 and the amount credited on the rentals due, leaving due and unpaid the sum of $899.29. It is for this amount with interest for which this action was commenced.

The defendant bank alleges and the evidence shows that on March 1, 1928, L. E. Smith borrowed $5,500 from the defendant bank and gave a mortgage on a quarter-section of land and the assignment of the school-land lease hereinbefore referred to, as security for the loan. On February 21, 1929, Smith paid off the $5,500 loan and the bank executed and delivered to him an assignment of the lease. This assignment does not appear to have been recorded in the office of the board of educational lands and funds. The evidence is undisputed that Smith lived on the school-land during all the times herein mentioned and that the defendant bank never had actual possession of the leased lands. The president of the bank testifies that the bank had no interest in the school-lands other than the assignment of the lease for security and that the bank never paid any rentals due under the lease. The rentals paid while the bank held the assignment of the lease appear to have been paid by Smith.

Our statute provides that, if any lessee of school-lands be in default of the semiannual rental for six months or more, the board of educational lands and funds may, after giving a 90-day notice, forfeit the lease. For the purposes of this statute the person whose title appears last of record will be recognized as the owner of the lease. Comp. St. 1929, sec. 72-219. It is also provided that no assignment of a school-

land lease shall be valid until recorded in the office of the board of educational lands and funds and shall not be eligible to such record if there are any payments of interest or rental due at the time the assignment is offered for record. Comp. St. 1929, sec. 72-220. The foregoing statutes were enacted for the protection of the state by insuring that the state might transact with certainty its business with the lessees of school-lands and protect itself against the claims of unknown assignees. Assignments of school-land leases are permitted, but in order to be effective against the state the state must be informed of them in the manner which the statute prescribes. *Langan v. Binfield,* 49 Neb. 857, 69 N. W. 123; *Hile v. Troupe,* 77 Neb. 199, 109 N. W. 218.

As between the parties, therefore, the assignment of the school-land lease to Smith, after the payment of the loan, was valid, although, in the event of default, the state could enforce the remedies contained in the statute without regard to such assignment. The assignment to the bank did not contain provisions by which the bank assumed and agreed to pay the rentals due under the lease. The only remaining question is whether the covenant to pay rent runs with the land. This depends entirely on the question whether there was privity of estate between the assignee bank and the state. This in turn depends on the question whether the assignor assigned all of his interest in the lease to the bank. *Hogg v. Reynolds,* 61 Neb. 758, 86 N. W. 479.

The evidence shows that the assignment was made to the defendant bank as security for a loan. This being true, the whole interest of the assignor was not assigned. Under these circumstances there was no privity of estate between the state and the assignee bank and no obligation to pay rent accrued to the bank. Whether an assignment of a lessee's interest in school-lands destroys the privity of estate existing between the lessee and the lessor and creates that relation between the assignee and the lessor depends upon the estate demised and the estate assigned being identical.

The state contends, however, that parol evidence is not admissible to show that the assignment was given as security. With this we are not in accord. This court has many times held that a deed, absolute in its terms, may be shown by parol evidence to have been given for the purpose of securing the payment of money, and that, in such case as between the parties, such deed will be construed to be a mortgage. *Names v. Names,* 48 Neb. 701, 67 N. W. 751. And in *Gregory v. American Bank Bldg. Co.,* 108 Neb. 507, 188 N. W. 191, it was held: "It is competent to prove by parol evidence that the parties to an assignment of a lease of real estate, though absolute in form, intended it as collateral security for a debt." We see no difference in principle in the case at bar. It is also generally held that, where a mortgage is considered a mere security for the debt, such mortgagee is not liable to the lessor for the rent of the demised premises unless and until he enters into possession. 36 C. J. 376. We think this rule is also applicable in principle to the case at bar. The evidence shows conclusively that the assignee bank never went into possession of the school-lands in question, they being at all times herein mentioned in the exclusive possession of defendant's assignor, Smith.

While our statute, section 72-219, Comp. St. 1929, authorizes the state to treat the last lessee shown on the records of the board of educational lands and funds as the proper person to be served with notice in forfeiture proceedings, the liability of any lessee is dependent upon the contract of the parties and the law that existed when such contract was made. For the reasons hereinbefore given, we conclude that the trial court correctly held that the defendant bank was not liable for delinquent rentals due by the terms of the school-land lease under the undisputed facts of the case.

AFFIRMED.

Rose and Eberly JJ., not participating.