STATE OF NEBRASKA, APPELLANT, V. FRANK D. CARROLL, APPELLEE.

43 N. W. 2d 422

Filed July 6, 1950. No. 32784.

*Clarence S. Beck,* Attorney General, *Walter E. Nolte, Robert A. Nelson,* and *W. Keith Peterson,* for appellant.

*Richard Steele,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The plaintiff brought this action to recover payments and interest due by the terms of a school land lease. The trial court found for defendant. Plaintiff appeals. We affirm the judgment of the trial court.

The facts are either admitted or not in dispute. On January 1, 1924, the land involved was leased to Edward Beckley and the lease was recorded in the office of the Board of Educational Lands and Funds. On November

15, 1924, Beckley assigned his interest to E. P. Van Kirk. On October 1, 1930, Van Kirk assigned his interest to N. Chris Nelsen. On April 29, 1931, Nelsen assigned his interest to F. D. Carroll. These various assignments were recorded in the office of the Board of Educational Lands and Funds. On July 12, 1933, the Board of Educational Lands and Funds declared the lease forfeited for failure to pay rent and interest. At the time of the forfeiture there was due on the lease $386.40. Improvements were sold, leaving a balance due of $381.40, for which the plaintiff sought judgment.

Defendant's evidence is that prior to April 29, 1931, he was the owner of a tract of land in Knox County, and negotiated the sale of it to N. Chris Nelsen for $2,500, $1,500 of which was to be paid by a purchase money mortgage. Fred Neilsen desired to purchase the school land lease for $1,000. Neilsen did not have the money to buy the lease, and defendant agreed to furnish the money needed to complete the purchase of the school land lease. By this arrangement Nelsen was to have a conveyance of the defendant's land, Neilsen was to have an assignment of the school land lease, and defendant was to receive a $1,500 secured debt on the land to be conveyed to Nelsen, and the $1,000 from Neilsen. On April 29, 1931, Neilsen, Nelsen and wife, and Carroll and wife appeared before a real estate agent. There defendant and wife conveyed the land owned by defendant to Nelsen, taking back a mortgage for $1,500. Neilsen paid defendant $500, and gave him a note for $500, to be secured by an assignment of the school land lease. The scrivener drew the assignment of the lease direct from Nelsen to defendant. Neilsen went into possession of the school land and later made a compromise settlement of the note "in the summer of 1931" and then secured an assignment of the lease from defendant which he, Neilsen, did not file. Also while in possession of the land, Neilsen paid rental to the plaintiff for the period ending December 31, 1931. Neilsen thereafter defaulted, the lease was forfeited, and

thereafter he obtained a new lease in his own name. Neilsen was in possession of the land during the period involved and defendant never had possession.

The fact situation here involved is substantially that appearing in State ex rel. Johnson v. Commercial State Bank, 142 Neb. 752, 7 N. W. 2d 654, with these exceptions. There the leaseholder who assigned as security for a loan remained in possession. Here the purchaser of the lease entered possession at the time of the purchase. There the lease assignment ran from a previous holder, to a borrower, to a lender. Here it ran direct from a previous holder to the lender. In both instances the lender held the school land lease as security for a loan and not as owner. The above distinctions are of no materiality. Under the above decision, as to possession, the controlling question is, did defendant enter possession? The evidence shows that he did not. As to title, the question is not how defendant received the title he had, but under what conditions did he hold it. The evidence is that he held it as security for a loan.

The issues presented here were presented and answered in and are controlled by our decision in State ex rel. Johnson v. Commercial State Bank, *supra.*

The judgment of the trial court is affirmed.

AFFIRMED.