FREDA MAE TESAR, APPELLEE, v. J. R. LEU ET AL.,
APPELLANTS, IMPLEADED WITH MARGARET LEU
ET AL., APPELLEES.

56 N. W. 2d 803

Filed February 6, 1953. No. 33267.

*Edward E. Carr,* for appellants.

*E. H. Evans,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Si Leu was the owner of a school land lease of Section 16, Township 12 North, Range 32 West, of the 6th P. M., in Lincoln County. He died intestate on November 17, 1948, a resident of Hayes County. His heirs were appellee, his widow; J. R. Leu, his father; and Margaret Leu, his mother. The estate of the deceased was administered in the county court of Hayes County.

The final decree was entered therein on July 21, 1949.

Appellee was the administratrix of the estate of Si Leu. He died without issue. Appellee on the death of Si Leu became the owner of one-half of the lease and his father and mother each inherited one-fourth thereof. § 30-101, R. R. S. 1943. The lease was not reported as an asset of the estate or mentioned in the administration proceedings because appellee had no knowledge of it until two years after the death of the deceased, and more than a year after the estate proceedings were terminated. She received no rent, income, or benefit from the lease or the land the subject of it. She did not know that she had a right to the use or of the income from one-half thereof until a proceeding was instituted by the state about two years after the death of her husband involving the validity and ownership of the lease. Margaret Leu sold and assigned her interest in the lease to J. R. Leu. Thereafter appellee brought suit against the appellants, Margaret Leu, and the Board of Educational Lands and Funds to partition the lease and for an accounting by J. R. Leu of her share of the rental value of the land covered by it from the time of the death of Si Leu because, as alleged, he had the exclusive occupancy and use of the land.

Appellant J. R. Leu, after jurisdiction of the parties and of the subject matter of the partition case had been obtained by the district court, sold and assigned his one-half interest in the lease to the appellant Mary E. Runner, who is also referred to in the record as Elizabeth Runner. She was made a party to the case because thereof.

There was a decree of partition of the lease without prejudice to the accounting feature of the case. An actual partition resulted. The lease on the north half of the land was allotted to and confirmed in Mary E. Runner, and the lease on the south half was allotted to and confirmed in the appellee. An accounting with reference to the occupation and use of the land for the years

1949, 1950, and 1951 was had. The determination of the trial court was that J. R. Leu had been in the exclusive possession of all of the land during those years; that one-half of the rental of the land for that period was $1,391.79; that the amount paid by J. R. Leu to the state on account of the lease for those years and the first half of 1952 was $659.40, and one-half thereof or $329.70 was chargeable to appellee; and that the net amount due her from J. R. Leu as her share of the reasonable rental value of the land was the sum of $1,062.09 with interest thereon at 6 percent from June 5, 1952. Judgment was entered therefor and it was adjudged a lien on the leasehold allotted to and confirmed in Mary E. Runner. Margaret Leu and the Board of Educational Lands and Funds were dismissed from the case.

The litigants concerned in this appeal are the appellants J. R. Leu and Mary E. Runner, and the appellee Freda Mae Tesar. The change of her name was occasioned by her second marriage.

J. R. Leu, one of the appellants, resided in Hayes County where the estate of his son Si Leu was administered. He knew of the existence of the lease and the ownership of it by his son at the time of his death. Appellant paid the rental required by the lease for and on behalf of his son much of the time after it was acquired by him until his death. Appellant claimed he acquired an assignment of the lease from his son and he "kept the land from then on." He did not produce the assignment. He claimed it was lost. He rented the entire land covered by the lease for the years 1949 and 1950, except he reserved the privilege to run a few cattle thereon if he wanted to, but he did not do so. He used the land in 1951 by taking in cattle to pasture. There were 56 head of cattle pastured on the land in 1951. Appellant withheld from his daughter-in-law, the appellee, the fact of the existence of the lease; the ownership thereof by her husband; the fact that appellant was subrenting or using the land; and he made no contribution to her

for any income or benefit derived from the lease or the land.

Si Leu had been dead two years when appellee received her first information of the lease and the ownership of it. Appellant acted toward the lease and the land involved in all respects as though he were the sole owner of the lease and the only lessee of the land. He thereby wholly and effectively excluded appellee as cotenant during the period involved from any benefit of the lease or any occupation, use, or income of the land demised by it. He made himself liable to account to appellee for one-half of the reasonable rental value of the land less one-half of the rental paid by him to the State of Nebraska as required by the terms of the lease. The rule in this state is that if one tenant in common appropriates to himself for his use the exclusive possession of the common property, he is generally liable to the cotenant for his proportionate share of the rental value of the common property. In Winn v. Winn, 131 Neb. 650, 269 N. W. 376, it is said: "Where a tenant in common has the possession of the common property, and holds the same to the exclusion of the other cotenants for his personal use, he is ordinarily liable to account to them for their proportionate share of its rental value." See, also, Names v. Names, 48 Neb. 701, 67 N. W. 751; Schuster v. Schuster, 84 Neb. 98, 120 N. W. 948, 29 L. R. A. N. S. 224, 18 Ann. Cas. 1078; Brayton v. Jackson, 113 Neb. 40, 201 N. W. 653; Hanson v. Hanson, 4 Neb. (Unoff.) 880, 97 N. W. 23; Miller v. Mills, 4 Neb. 362; Annotations, 27 A. L. R. 188, 39 A. L. R. 408; 14 Am. Jur., Cotenancy, § 37, p. 104.

The land, the subject of the school land lease, was during the time important to this inquiry unimproved except it was fenced. It was strictly and exclusively range or grass land. There was no well on the land or other provision for furnishing water thereon for any purpose. There was no one interested who did or would furnish salt for or care of cattle placed thereon. A con-

sideration of the evidence of the rental value of land of this character situated and restricted as it was, the use and the value of the use of such land, and all the information contained in the record tends to establish and the court finds that the fair rental value of the section of land was in the years 1949 and 1950 the sum of $1.25 an acre per year or a total of $1,600; that the rental value thereof for the year 1951 was $1.50 an acre or the sum of $960; that the total rental value for the three years was $2,560; and that J. R. Leu paid to the State of Nebraska the rental the lease required for these years and the first half of the year 1951 in the total sum of $659.40. These payments were for the benefit of the owners of the lease and he is entitled to credit for one-half thereof. J. R. Leu is indebted to Freda Mae Tesar for one-half of the gross rental value of the land as stated above in the sum of $1,280 less one-half the amount paid by him to the state of $329.70. The net amount owing by him to her is the sum of $950.30 with interest thereon at 6 percent per annum from the date of the rendition and entry of judgment as directed herein. She should have judgment therefor against J. R. Leu and it should be adjudged to be a lien on the part of the leasehold allotted to and confirmed in Mary E. Runner by the decree of partition.

Mary E. Runner contests the authority of the court in these proceedings to grant appellee a lien for the amount found due her from J. R. Leu. It is permissible for a court of equity in partition proceedings to adjudge a lien on the interest of the cotenant found liable for a balance due from him to the other cotenant on an accounting had for the rental value of the common property. Winn v. Winn, *supra;* 14 Am. Jur., Cotenancy, § 40, p. 107. Appellant Mary E. Runner purchased one-half of the school land lease involved herein from J. R. Leu after this case was commenced and jurisdiction had attached. She was charged thereby with notice of the pendency of the case and took the interest in the

lease then involved in litigation subject to any judgment legally rendered in the case. Stanton v. Stanton, 146 Neb. 71, 18 N. W. 2d 654.

The judgment in controversy in this appeal should be and it is reversed and the cause remanded with directions to the district court for Lincoln County to render and enter a judgment in favor of Freda Mae Tesar and against J. R. Leu for the sum of $950.30 with interest thereon at 6 percent per annum from the date of the rendition and entry of the judgment, and to tax the costs of the accounting proceedings in the district court and in this court one-half to J. R. Leu and one-half to Freda Mae Tesar.

REVERSED AND REMANDED WITH DIRECTIONS.