JOSEPH ROSENFIELD AND MAYER ROSENFIELD, APPELLANTS, v. MATHIAS CHADA, APPELLEE.

| | |
|---|---|
| 12 | 25 |
| 18 | 649 |
| 12 | 25 |
| 25 | 739 |
| 12 | 25 |
| 36 | 754 |
| 12 | 25 |
| 43 | 79 |

1. **Equity Pleading.** When a petition in equity, filed by judgment creditors of the defendant to subject his "interest" in certain real estate to the payment of the judgment, fails to show that such interest is merely eqitable, or so clouded by apparent but really fraudulent and unreal claims, as would render the title of a purchaser at execution sale uncertain, no case for equitable cognizance is presented, and the action will be dismissed.

2. ———: EQUITABLE INTEREST IN LAND COUPLED WITH THE ACTUAL POSSESSION. An equitable interest in land, coupled with the actual possession, may be reached by a seizure and sale under an ordinary execution at law.

APPEAL from Saline county.   Tried below before WEA-
VER, J.

*M. B. C. True,* for appellants.

*W. H. Morris,* for appellee.

LAKE, J.

This case, which nominally is one seeking equitable
relief, comes here by appeal.   It was submitted to the
court below on the pleadings alone, and having been de-
termined adversely to the plaintiff, he brings the case to
this court for review, and the question we first meet is,
whether the petition states a cause of action.

The petition charges that on the 20th day of April,
1880, the plaintiff recovered a judgment in the district
court against the defendant for $225.50 debt, and costs,
taxed at $39.83, inclusive of an attorney's fee, on which
has been paid the sum of $62, leaving the residue of said
judgment still wholly unsatisfied.   That an execution
has been duly issued thereon and returned by the sheriff,
"that after diligent search he was unable to find any
property of the said defendant on which he could levy."

These averments, which show the plaintiffs in the
character of judgment creditors of the defendant, are fol-
lowed by the further allegation that under a written
agreement, executed by one Samuel Long to the defend-
ant, he has an "interest" in lot eleven, block one hun-
dred and forty-three, in the city of Crete, to the amount
of "about three hundred dollars;" "that under said con-
tract defendant took immediate possession of said prem-
ises and has remained in possession ever since;" and
that the defendant, who is insolvent, "wrongfully re-
fuses to apply his said interest, or any part thereof, in
said premises, to the payment of said judgment of the
said plaintiffs."   The particular prayer is for a sale of

said interest and the application of the proceeds to the satisfaction of the judgment, followed by one for general relief.

Admitting the truth of all of these allegations, which, indeed, include the whole substance of the charging part of the petition, still we fail to discover any ground for bringing the defendant into a court of equity, or on which to base an equitable decree. No fraud respecting said lot is alleged against the defendant, but his interest therein, for aught that appears, may be reached by a seizure and sale under an ordinary execution. If this interest were shown to be indefinite in its character or extent, or so clouded by apparent but really fraudulent or unreal adverse claims as would render the title of a purchaser at execution sale uncertain, a case for equitable cognizance would be presented. But nothing of this sort appears. The defendant's interest in the lot was derived through "a certain agreement for sale, executed by Samuel Long, the then owner thereof." The terms of said agreement are not given, consequently we have no means of knowing whether this "interest" is of a legal or merely equitable nature, but even conceding it to be the latter, still, as it is coupled with an absolute possession by the defendant, an ordinary execution is ample to reach it.

No ground for equitable relief being shown, the petition fails to state a cause of action, and the judgment of the court below, dismissing the case, must be affirmed.

JUDGMENT AFFIRMED.