## WITHNELL *v.* COURTLAND WAGON CO.

*(Circuit Court, D. Nebraska. November 9, 1885.)*

1. JUDGMENT—LIEN—EQUITABLE TITLE.
    Where the mere legal title to land is in the judgment debtor, while the equitable ownership is in another, the lien of the judgment does not attach to the real ownership of the property under the Nebraska statute.

2. EXECUTION SALE—RECORD TITLE—RIGHT OF PURCHASER—EQUITABLE INTEREST.
    Where a judgment plaintiff levies an execution upon land, and he or any one else purchases it at the execution sale, and pays his money, without any notice of the equitable interest of another, relying on the condition of the title as shown by the records at the time of the levy and sale, he acquires an interest in the land, and the statute of Nebraska awards the paramount right to the land to him who first puts his deed on record or files it in the proper office for that purpose, when the prior equitable interest depends upon an unrecorded deed.

In Chancery.

MILLER, Justice. This case was argued before me at the May term of the court, 1885, and taken under advisement. I am entirely satisfied that, at the time the judgment of the defendant corporation was rendered against Sibbitts, he was not the real owner of the property, and that plaintiff was; though the title apparent on the record in the office of the recorder of deeds was probably in Sibbitts. But I am of opinion that, under the decisions of the supreme court of Nebraska, and of the courts of a majority of the states, a judgment only becomes

a lien, when rendered, on such interest in the land as the defendant then has in it, and that if the mere legal title is in the judgment debtor while the equitable ownership is in another, the lien does not attach to the real ownership of the property. If, however, the judgment plaintiff levies an execution upon the land, and he or any one else purchases it at the execution sale and pays his money without any notice of the equitable interest, relying on the condition of the title as shown by the record in the office at the time of the levy and sale, he then, as an innocent purchaser, acquires an interest in the land. The statutes of Nebraska, in this state of case, award the paramount right to the land to him who first puts his deed on record, or files it in the proper office for that purpose, where the prior equitable interest depends upon an unrecorded deed as in this case. While this is not the usual rule, it is the law by express statute in Nebraska, as it has been construed by the supreme court of that state. Comp. St. Neb. p. 590, § 477, p. 389, § 16; *Mansfield* v. *Gregory,* 8 Neb. 434; S. C. 1 N. W. Rep. 382; *Harral* v. *Gray,* 10 Neb. 189; S. C. 4 N. W. Rep. 1040; *Bowen* v. *Billings,* 13 Neb. 439; S. C. 14 N. W. Rep. 152.

As plaintiff Withnell, at the date of the levy of defendant's execution, and before the day appointed for the sale of the land, had both the legal title and the superior equity, and had his deed duly recorded, there seems to be no doubt of his right to relief. A decree will therefore be entered making the preliminary injunction perpetual, and quieting plaintiff's title against the claim of defendant under his judgment against Sibbitts.