LOUIS D. NESSLER, APPELLEE, V. M. NEHER ET AL., APPELLANTS.

Judgment: LIEN.  A judgment in the district court is not a lien upon an equitable interest in real estate of the debtor.

APPEAL from the district court of Saline county.  Heard below before POUND, J., sitting for MORRIS, J.

*Ryan Brothers*, for appellant.

*Abbott & Abbott*, for appellees.

MAXWELL, J.

An opinion was filed in this case in 1885, which is reported in volume 23, page 245 of the N. W. Rep.*  A rehearing was afterwards granted, and the cause again submitted.

The only question involved is, does a judgment lien attach to an equitable interest of the debtor in real estate?

In *Rosenfield v. Chada*, 12 Neb., 25, it was held that an equitable interest in real estate, coupled with actual possession, could be sold under an ordinary execution.  That,

*This opinion withheld from publication in regular series of reports by direction of its writer.—REP.

however, referred to a case where an execution could be levied on such equitable interest, coupled with possession. The question now presented is entirely different.

Sec. 477 of the Code provides that, "the lands and tenements of the debtor, within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered; but judgment by confession, and judgments rendered at the same term at which the action is commenced, shall bind such lands only from the day on which such judgments are rendered. All other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution."

Sec. 561 provides that, "In all cases in which judgment shall be rendered by a justice of the peace, the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered, and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the execution docket, together with the amount of the judgment and the time of filing the transcript.

Sec. 562 provides that, " such judgment if the transcript shall be filed in term time shall have a lien on the real estate of the judgment debtor from the day of the filing; if filed in vacation as against the judgment debtor, said judgment shall have a lien from the day of the filing, and as against subsequent judgment creditors, from the first day of next succeeding term, in the same manner and to the same extent as if the judgment had been rendered in the district court."

Blackstone defines the words "land and tenement" as follows: "*Land* comprehends all things of a permanent and substantial nature, being a word of very extensive signification, as will presently appear more at large. *Tenement* is a word of still greater extent, and though in its vulgar acceptation it is only applied to houses and other buildings, yet in

its original, proper, and legal sense it signifies everything that may be *holden*, provided it be of a permanent nature, whether it be of a substantial and sensible or of an unsubstantial ideal kind." "Thus *liberum tenementum*, frank tenement, or freehold, is applicable not only to lands and other solid objects, but also to offices, rents, commons, and the like; and as lands and houses are tenements, so is an advowson a tenement; and a franchise, an office, a right of common, a peerage, or other property of the like unsubstantial kind, are all of them, legally speaking, tenements." The word "tenements," when applied to property on which a judgment lien will attach, is evidently used only in the common acceptation of the word, viz., houses and other buildings.

In *Lawrence v. Belger*, 31 O. S., 180, the statutes of Ohio being similar to our own, it is said : "While we admit that they do not embrace mere equities in lands or tenements, it is difficult to perceive why they should not include remainders vested under legal titles as well as legal estates in lands and tenements in possession of the debtor."

In *Bogart v. Perry*, 1 Johns. Ch., 52, it was held that a judgment at law was not a lien upon a mere equitable interest in land. To the same effect are *Jackson v. Chapin*, 5 Cowen, 485. *Ellsworth v. Cuyler*, 9 Paige, 418. *Roddy v. Elam*, 12 Rich. Eq., 343. *Powell v. Knox*, 16 Ala., 364. *Gentry v. Allison*, 20 Ind., 481. *Jeffers v. Sherbrom*, 21 Ind.,112. *Davis v. Cumberland*, 6 Ind., 380. *M. & St. L. R. R. Co. v. Wilson*, 25 Minn., 382. *Van Cleve v. Groves*, 4 N. J. Eq., 330. This, we think, is a correct construction of our statute. We therefore hold that a judgment is not a lien upon an equitable interest in real estate. The judgment of the district court declaring such liens to bind the real estate in question is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.