FRANK E. DWORAK ET AL., PLAINTIFFS IN ERROR, V. ANDREW B. MORE ET AL., DEFENDANTS IN ERROR.

1. **Execution:** LEVY. An execution issued on an ordinary judgment at law, if levied on a mere equity in real estate, the debtor not being in possession, and the legal title being in the name of another, will not pass the title of such equitable owner to the purchaser.

2. **Power of Attorney:** SUFFICIENCY. A power of attorney which fails to authorize the donee of the power to convey property of the principal is not sufficient to justify the making of a deed under such power, and thereby convey the title of the principal.

3. **Divorce.** A stipulation set out in a decree of divorce, *Held*, Sufficient to show community of property between the divorced parties.

4. **Foreign Judgment.** Objections to a transcript of a judgment of another state, that it contains no certificate of the presiding judge "that the attestation is in due form of law," must be specific.

5. **Ejectment:** IMPROVEMENTS. In an action of ejectment, where there is proof tending to show that the defendants were in possession under an execution sale made several years before the bringing of the suit, and that they had made certain improvements on the real estate, paid taxes thereon, etc., *Held*, That

before a writ of restitution will be issued, the plaintiffs below must pay the value of such improvements and the amount paid for taxes, with interest thereon.

ERROR to the district court for Douglas county.    Tried below before HOPEWELL, J.

*Breen & Duffie*, for plaintiffs in error, cited:    *Gillespie v. Sawyer*, 15 Neb., 536.    *Eyster v. Gaff*, 91 U. S., 524. *Morton v. Green*, 2 Neb., 441.    *Lessees of Dresback v. M'Arthur*, 7 Ohio, Pt. 1, 141.

*Geo. F. Brown*, for defendants in error.

MAXWELL, J.

This action was brought in the district court of Douglas county by the defendants in error against the plaintiffs in error, to recover the possession of lots 5, 6, 7, 8, 9, and 10 in block 482, in Grand View, in the city of Omaha.    On the trial of the cause a jury was waived, and the cause tried to the court, which found in favor of the defendants in error.    A motion for a new trial having been filed and overruled, judgment was entered in favor of the defendants in error.

The testimony shows that, in 1857, the county commissioners of Douglas county, for the use and occupants of the town of Grand View, pre-empted 262.30 acres of land. In April, 1859, a patent for said land was issued to the trustees of Grand View, in trust, etc.    In March of that year, Andrew B. More, chairman of the board of trustees of said town of Grand View, conveyed the lots in controversy to M. A. J. More, his wife, the consideration expressed in the deed being $29.    In February, 1865, Andrew B. More, in Douglas county, made a power of attorney, as follows:

"Know all men by these presents, that I, Andrew B. More, of the city of Omaha, county of Douglas, and ter-

ritory of Nebraska, have made, constituted, and appointed, and do by these presents make, constitute, and appoint my loving wife, Mary A. J. More, of the same place aforesaid, to be my sufficient and lawful attorney for me and in my name to bargain, sell, grant, release, and convey to such person or persons; and for such sum or sums of money, for cash or upon such credit as to my said attorney shall seem most for my advantage and profit, and upon such sale or sales convenient and proper deeds, such covenant or covenants, general or special of warranty, quit-claim, or otherwise, as to my said attorney shall be deemed expedient, in due form of law, as my deed or deeds to make, seal, deliver, and acknowledge, and for me and in my name to accept and receive all and every the sum or sums of money (or other consideration or considerations whatsoever) which shall be coming to me, the amount of said sale or sales, and upon the receipt thereof suitable acquittance or acquittances in my name and stead, to make, seal, and deliver, and giving generally to my said attorney full power and authority touching the premises, to *ad* execute, proceed, and finish in all things in as ample a manner as I might do if personally present, hereby ratifying and confirming all lawful acts done by my said attorney by virtue hereof." This power was duly acknowledged and recorded in some of the counties of Iowa, where Moore seems to have had real estate, and perhaps other property.

On the 22d day of May, 1868, More and wife conveyed the lots in question, with other lots, to one Kate M. Bryant, the consideration expressed in the deed being $6,000. On the next day, Kate M. Bryant conveyed the lots in controversy, with other lots, to M. A. J. More, the wife of Andrew B. More, the consideration expressed in the deed being $6,500. On the 29th day of April, 1875, Mary A. J. More, for herself and husband, conveyed the property in question by a quit-claim deed to John More

47

and Alexander P. More, brothers of Andrew B. More, the consideration expressed in the deed being the sum of $2,000. On the 14th day. of June, 1886, John More and wife conveyed the lots in dispute by a quit-claim deed to Andrew B. More. There is a stipulation in the record "that after the execution of the deed by the plaintiffs, Mary A. J. More and Andrew B. More, to John More and Alex. P. More, dated April 29, 1875, and recorded in book 18, page 95, of Douglas county records, embracing, with others, the lots in controversy in this suit, that the said John More, so far as the Douglas county records show, did not convey his interest in said lots to any one prior to the execution by him and wife of their alleged deed to said Andrew B. More, dated June 14, 1886, and recorded in book 68, page 526, in Douglas county records, and which said deeds have been offered in evidence in this case." There is also testimony tending to show that Grand View is a part of the city of Omaha.

The defendants below, plaintiffs in error, claim title as follows: "In May, 1870, Andrew J. Poppleton brought an action in the district court of Douglas county against A. B. More, and obtained personal service upon the defendant, and in October of that year recovered judgment for $3,043.97 and costs. In September, 1877, this judgment was revived by publication of notice, and in June, 1880, the lots in question were levied upon as the property of A. B. More, and sold to various parties, under the execution. The sale was thereupon reported to the court and confirmed, and deeds ordered and made to the purchasers. The plaintiffs in error claim under a chain of conveyances from such purchasers. The record also shows that in the year 1878 Andrew B. More, being then a resident of the state of California, was duly adjudged a bankrupt, under the laws of the U. S., the certificate of final discharge being dated March 10, 1879. So far as the testimony shows, the lots in question were vacant from the

time of the entry of the town site of Grand View until shortly before the bringing of this action.

It is claimed on behalf of the plaintiffs in error that Andrew B. More was the owner of these lots from the time of the entry of the town site by the county commissioners of Douglas county, until said lots were sold under the execution on the judgment above referred to, and that the placing the legal title of the same in the name of his wife was a mere device, and that she held said lots as a trustee for her husband. What conclusion a court of equity might reach, if the relative rights of the parties were before it, it is unnecessary now to inquire, as the plaintiffs in error must rely upon the title which they obtained by the sale upon execution.

In *Rosenfield v. Chada,* 12 Neb., 25, it was held that an equitable interest in real estate, coupled with actual permission, could be sold under an ordinary execution.

In *Nessler v. Neher,* 18 Neb., 649, it was held that a judgment at law was not a lien upon a mere equitable interest in land, citing, *Jackson v. Chapin,* 5 Cowen, 485. *Ellsworth v. Cuyler,* 9 Paige Ch., 418. *Roddy v. Elam,* 12 Rich. Eq., 343. *Powell v. Knox,* 16 Ala., 364. *Gentry v. Allison,* 20 Ind., 481. *Jeffries v. Sherburn,* 21 Ind., 112. *Davis v. Cumberland,* 6 Ind., 380. *M. & St. L. R. R. Co. v. Wilson,* 25 Minn., 382. *Van Cleve v. Groves,* 4 N. J. Eq., 330.

Under our statute a levy of an ordinary execution upon an equitable interest in real estate, unless the debtor is in possession, will not pass the title of such real estate, as such execution can be levied only on a legal interest. Code, sec. 477. If a creditor desires to reach an equity, he may, upon the return of an execution unsatisfied, invoke the aid of a court of chancery to obtain equitable relief.

The plaintiffs in error, therefore, acquired no title through the sale upon the execution, and as the defendants in error are shown to be possessed of the legal title, the judgment of the district court is right.

Some objection is made to the power of attorney, that it is too general and indefinite, and therefore conferred no authority on the wife. Even if such were the case, it would not aid the plaintiffs in error, as Andrew B. More and M. A. J. More were husband and wife at the time of the sale under the execution. The power of attorney fails to authorize the wife to sell and *convey any property*, real or personal, of A. B. More. This omission, whether intentional or accidental, renders the power invalid so far as it affects the conveyance of the property of More. But this does not affect the judgment in this case, as the legal title was in the wife when she made the conveyance in question.

It also appears that, in the year 1886, Mary A. J. More brought an action against Andrew B. More, in the district court of Alturas county, Idaho, and obtained a decree of divorce from said A. B. More, in which decree it is stipulated that the property held by each of said parties in Douglas county, Nebraska, shall be community property, to be owned equally by them, etc. This decree is not certified by the presiding judge of that court "that the attestation is in due form of law," as required by section 414 of the code, but no objection was made to it on that particular ground.

There is some testimony tending to show that the plaintiffs in error had erected one or more buildings at the time of bringing this action, also that they had paid taxes upon said land, the amount of which does not clearly appear. The defendants in error, therefore, will be required to pay the value of said buildings, and also the amount of taxes so paid, with interest thereon, before a writ of restitution will be issued, and as thus modified the judgment of the district court will be affirmed. The cause will be remanded to the district court to carry this judgment into effect.

JUDGMENT ACCORDINGLY.

THE other judges concur.