JOHN K. SOWARD v. GEORGE H. MOSS.

FILED OCTOBER 5, 1899.   No. 8,746.

1. **Vendor and Vendee:** ORAL CONTRACTS: STATUTE OF FRAUDS. A contract for the sale of lands is void unless the contract, or some note or memorandum thereof, is in writing, signed by the owner, or his agent authorized in writing.

2. **Deeds:** DELIVERY. A deed placed in the hands of the grantor's agent to be held until the consideration is paid is not a delivery to the vendee.

REHEARING of case reported in 58 Nebr., 119.   *Reversed.*

*W. L. Hand,* for plaintiff in error.

*B. O. Hostetler, contra.*

NORVAL, J.

This case is on rehearing. For former opinion see 58 Nebr., 119. A reconsideration of the cause has convinced us that the former decision was wrong, and we will now briefly state the reasons for the conclusion we have finally reached.

The action was to recover the purchase price of certain real estate. The statute of frauds is relied upon as a defense. Upon this question upon the former hearing it was said: "Another argument is that the evidence shows that the contract by these parties was an oral one; that Moss was not bound to convey, and, therefore, Soward is not bound. There are two answers to this contention: (1) The proposition of Soward to purchase

the land was in writing. Moss accepted this proposition and authorized Blue to notify Soward that he had accepted it. The letter then written by Blue to Soward, informing the latter of Moss' acceptance of the proposition of purchase, was, in effect, Moss' letter in writing accepting the proposition. (2.) If the letter written by Blue to Moss was out of the way, still Moss actually made a conveyance of the real estate to Soward, and delivered it to his appointed agent. Moss then performed the contract, and bound himself by his deed; and, since the deed was made and delivered to Soward, the statute of frauds is no defense for Soward in an action against him to recover the purchase price." We are now satisfied that we misapprehended the facts on the former hearing. In the above quotation we inadvertently stated, or assumed as proven, that Blue had written a letter to Moss; but Blue did write one to Soward. Blue was not the agent of Moss, but represented Soward in the transaction, presenting the proposition of the latter to Moss and communicating to Soward the oral answer of Moss. In so doing he was Soward's agent. Even though Blue was the agent of Moss, yet he could not bind the latter, since he possessed no written authority from Moss to represent him. By section 5, chapter 32, Compiled Statutes, it is provided: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made." And section 25 of the same chapter declares: "Every instrument required by any of the provisions of this chapter to be subscribed by any party may be subscribed by his agent, thereunto authorized by writing." Under the provisions of the foregoing quoted sections the authority of an agent to sell real estate must be in writing, to make the acts of the agent binding on the principal, where there has been no subsequent ratification of the agent's acts. See *Stadleman v. Fitzgerald,*

14 Nebr., 290; *Morgan v. Bergen*, 3 Nebr., 209. As no written authority was given by Moss to Blue to make the sale in question, the contract is not binding upon the former unless there has been a ratification by him, which proposition we will now consider.

Moss executed a deed to the land and transmitted the same by mail to the First National Bank of Danville, Illinois, to be by it delivered to Soward on his paying to the bank the purchase price. The bank received the deed, but it was never delivered to Soward; and the bank had no authority to make the delivery without the payment of the consideration. The bank was the agent of Moss and not of Soward, and as there was no delivery of the deed to the vendee or his authorized agent, the sale was never consummated. Until the purchaser's money was paid the deed was under the control of Moss, who could have ordered the same returned to him. There was no such performance of the contract as to take the case out of the statute of frauds. The title never vested in Soward. A deed left in the hands of the grantor's agent to be held until the purchase-money is paid is not a delivery to the grantee. See *Patrick v. McCormick*, 10 Nebr., 1; *Wier v. Batdorf*, 24 Nebr., 83. The contract being within the statute of frauds, is not binding, and an action will not lie thereon to recover the purchase-money. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.