FIRST NATIONAL BANK OF DAVID CITY, APPELLANT, V. LEWIS SPELTS ET AL., APPELLEES.

FILED SEPTEMBER 26, 1913. No. 17,350.

1. **Mortgages: DEED AS SECURITY: TITLE CONVEYED.** A deed of real estate given and received as security for debt will, as between the parties thereto, be treated as a mortgage. Such deed conveys the legal title, and the grantor's remaining interest in the land is equitable only. Such interest is not subject to the lien of a judgment, and can be reached by his creditors only by equitable proceedings.

2. **Vendor and Purchaser: BONA FIDE PURCHASER.** One who purchases the land in good faith for full value from the apparent owner and takes his deed from the holder of the legal title, without actual notice of any adverse claims, is not bound to take notice of a judgment against a former holder of the legal title, when such judgment was entered and docketed after such former holder of the legal title had conveyed the same to the grantor of such purchaser.

APPEAL from the district court for Garfield county: JAMES N. PAUL, JUDGE. *Affirmed.*

*C. M. Skiles, B. F. Good* and *L. B. Fuller,* for appellant.

*J. S. Pedler, contra.*

SEDGWICK, J.

Lewis Spelts inherited an interest in real estate in Garfield county from his father, and conveyed the same by quitclaim deed to the Phillips County State Bank of Holyoke, Colorado, to secure his indebtedness to that bank. Afterwards the plaintiff obtained a judgment in district court for Butler county against the defendant Lewis Spelts, and caused a transcript thereof to be filed and docketed in the district court for Garfield county. The defendant Alvin Spelts negotiated with his brother Lewis and other brothers and sisters for their respective interests in the real estate. He knew that the interests of Lewis had been conveyed to secure an indebtedness, and their agreement was that Alvin should pay the agreed value of Lewis' interest to the bank and the bank should convey directly to Alvin. Pursuant to this agreement the bank executed a quitclaim deed to Alvin, and he paid the value of Lewis' interest in the land to the bank, which was applied upon the indebtedness to secure which Lewis had deeded his interest to the bank. Afterwards the plaintiff began this action in the district court for Garfield county to set aside the conveyance to Alvin and to subject the interest of Lewis to the lien of its judgment. The district court found generally for the defendants and dismissed plaintiff's action, and plaintiff has appealed.

The plaintiff in the brief seems to concede that Alvin paid full value of the interest of Lewis in the land, and bought it, as he did the respective interests of the other heirs, in good faith and without notice of the plaintiff's claim. The brief says: "In any view of the case, whether we consider Alvin Spelts a fraudulent vendee, or a pur-

chaser for value, the result is the same. * * * In either case he took the title to the undivided one-ninth interest of his brother Lewis, subject to the lien of the plaintiff which attached on the filing of a transcript of the judgment." In this the plaintiff is wrong.

An absolute deed, whether a warranty or a quitclaim deed, conveys the legal title. The grantor may still have some equities in the land. If the deed is given to secure an indebtedness, it is treated as a mortgage as between the parties to the deed, but it conveys the legal title. The grantor has no right in the land, except an equitable right to pay the debt and receive reconveyance. A judgment is not a lien upon an equitable interest in land. A levy and sale of an equitable interest will not pass the title to the purchaser. *Dworak v. More*, 25 Neb. 739.

The plaintiff obtained no lien upon the interest of Lewis by filing the transcript of the judgment. Lewis had no title, no leviable interest, merely an equitable right to conveyance upon satisfying his indebtedness to the bank. Such an interest is not subject to lien; it can only be reached by proceedings in equity. Alvin paid full value for the land in good faith and received his deed before the commencement of this action. His title, therefore, was complete before this action was begun.

The judgment of the district court is

AFFIRMED.

Reese, C. J., Letton and Fawcett, JJ.. not sitting.