ANNA WECKER, APPELLEE, V. THOMAS WECKER ET AL., APPELLANTS, IMPLEADED WITH MILFORD WECKER, APPELLEE.

87 N. W. 2d 624

Filed January 31, 1958.  No. 34295.

*Hutton & Hutton,* for appellants.

*E. D. Beech* and *Frederick M. Deutsch,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Anna Wecker, the surviving widow of H. A. Wecker, deceased, brought this action in equity against defendants, Thomas Wecker, a son, Lorraine Wecker, his wife, and Milford Wecker, a son, to determine the rights of the parties in a transaction which occurred on September 20, 1951. In such transaction plaintiff, who then owned a certain $5,000 note and real estate mortgage theretofore executed and delivered to her by defendants Milford Wecker and Alice V. Wecker, husband and wife, had allegedly endorsed the note, assigned the mortgage, and delivered same to defendant, Thomas Wecker, in trust for plaintiff. Plaintiff's petition alleged in substance that at that time said defendant orally agreed and promised that plaintiff would be paid and receive the interest thereon during her lifetime; that said defendant would, during that time, advance plaintiff such additional sums as might be necessary for her support and maintenance over and above her income from her life estate in certain real estate; that upon her death, said defendant would pay for and provide a funeral for plaintiff of the quality which had been furnished her late husband; and that then any part of the remaining indebtedness should become the absolute property of defendant Thomas Wecker. Plaintiff alleged that said defendant had specifically performed part of said promises as agreed, but subsequently repudiated their agreement, refused to further perform same, and claimed that he was the sole owner of the note and mortgage.

Plaintiff's action sought a determination that defendant Thomas Wecker held the note and mortgage in trust for plaintiff, together with an accounting between the parties; the appointment of a successor-trustee; a transfer of the note and mortgage to such trustee; and equitable relief.

Defendant Milford Wecker, in his separate answer filed December 6, 1956, admitted the execution and delivery of the note and mortgage to plaintiff and H. A. Wecker, her husband, or the survivor thereof, on June 16, 1947; and that upon the death of H. A. Wecker on May 26, 1950, plaintiff became the owner thereof. He then alleged substantially that on September 20, 1951, the note and mortgage were assigned and transferred to defendant Thomas Wecker in trust upon the terms and conditions set forth in plaintiff's petition; that defendant Milford Wecker paid all interest accruing upon the debt to H. A. Wecker during his lifetime and to plaintiff up to and including that due December 1, 1954; that about December 31, 1954, defendant Thomas Wecker claimed ownership of the note and mortgage and demanded that all future payments be made to him; and that since that time defendant Milford Wecker has paid defendant Thomas Wecker $2,500 upon the principal debt and all interest up to June 1, 1956, leaving a balance unpaid of $2,500 with interest at 4 percent from June 1, 1956. He prayed for an accounting of payments made by him upon the note and mortgage, a determination of ownership of the debt together with the balance due thereon, and for such other relief as the premises merited. In that connection, the judgment of the trial court discloses that the interest from June 1, 1956, to December 1, 1956, was paid on the latter date by defendant Milford Wecker to the clerk of the district court.

On February 7, 1957, defendants Thomas Wecker and Lorraine Wecker, his wife, filed a joint answer and cross-petition. Therein they denied generally and alleged in substance that no such agreement was ever

entered into by them with plaintiff; and that defendant Thomas Wecker was never a trustee of plaintiff for the note and mortgage but same was freely and voluntarily assigned by plaintiff to said defendants without either of them entering into an agreement with plaintiff to advance or give her any amounts of money, although upon stated occasions they did loan plaintiff some $975, including the interest payments made to her by defendant Milford Wecker during 1952, 1953, and 1954. Defendants also alleged that Lorraine Wecker had no present or assignable interest in the note and mortgage. However, their joint answer prayed for dismissal of plaintiff's petition at plaintiff's costs, and their joint cross-petition prayed for judgment against plaintiff for $975 and interest upon the alleged loans heretofore mentioned, and costs.

After a trial on the merits, judgment was rendered which in effect relieved and exonerated defendant Milford Wecker upon condition that he pay the clerk of the district court forthwith $50, reflecting the interest due June 1, 1957, which left a balance of $2,500 due on the note and mortgage, with interest thereon from June 1, 1957, according to the terms thereof. In that connection, there is no controversy before this court except between plaintiff and defendants, Thomas Wecker and Lorraine Wecker, who will be hereinafter designated by name or as defendants.

In such respect, the judgment of the trial court found and adjudged the issues generally in favor of the plaintiff upon her petition and against said defendants upon their answer and cross-petition. It concluded that Thomas Wecker was trustee of the note and mortgage; made a specified accounting between plaintiff and said defendants; appointed a named successor-trustee; specified his duties in carrying out the terms of the trust; ordered Thomas Wecker to formally assign the note and mortgage then in custody of the trial court to such trustee without recourse; and ordered Thomas Wecker

to pay the clerk of the district court $2,500, a principal part of the note and mortgage already collected by said defendant, together with interest thereon from June 1, 1957, at 6 percent, for which judgment was rendered against Thomas Wecker. It ordered the successor-trustee to invest said $2,500 and interest in approved, short-term securities; to administer the balance of the note and mortgage, together with the income and interest therefrom, and pay such income and interest to plaintiff; and to also pay plaintiff from the corpus of the fund such sum as was necessary for her support and maintenance over and above her other income upon the order and direction of the court. It also ordered that upon plaintiff's death, the successor-trustee should provide plaintiff with a funeral of the same quality as was furnished her late husband, then pay any balance of the indebtedness remaining to Thomas Wecker. Costs were taxed to Thomas Wecker.

Thereafter, Thomas Wecker and Lorraine Wecker filed a joint motion for new trial which was overruled, whereupon they jointly appealed, assigning that: (1) "The trial court erred in failing to dismiss Lorraine Wecker as a party defendant as to the plaintiff's cause of action when the record shows she had no interest in the action"; and substantially that (2) the judgment was not sustained by the evidence. The assignments have no merit.

The record discloses that at conclusion of all the evidence, defendants moved that Lorraine Wecker be dismissed as a party in the action for the reason that the record disclosed she had no interest in the note and mortgage. That motion was not directly disposed of, and defendants argued that the trial court erred in failing to sustain such motion. The contention has no merit.

In the application of Lorraine Wecker for a continuance, filed March 20, 1957, she insisted: "That the defendant as a party to this action is a necessary party and a necessary witness to said trial * * * relative to

the plaintiff's cause of action which is the basis of this suit." In a joint answer and cross-petition defendants did allege that Lorraine Wecker was the wife of Thomas Wecker but had no present or assignable interest in the note and mortgage. However, in said answer and cross-petition, defendants denied that they or either of them ever had any agreement with plaintiff as alleged by her, but they alleged that as the only relatives who would loan plaintiff money, Thomas Wecker and Lorraine Wecker had on various stated occasions loaned plaintiff money, including the interest on the note and mortgage for 1952, 1953, and 1954, and because thereof they jointly prayed for judgment against plaintiff for $975 and costs. The effect of the judgment rendered by the trial court was to hold only Thomas Wecker liable as constructive-trustee of the note and mortgage; to deny both defendants any relief upon their joint cross-petition; and to tax all costs to Thomas Wecker. Defendants then filed a joint motion for new trial which was overruled, and they jointly appealed, contending that the judgment was erroneous. Lorraine Wecker could not have been prejudiced in any manner by the trial court's failure to dismiss her as to plaintiff's cause of action because the effect of the judgment was to do just that. Further, in the situation presented here, plaintiff's petition and defendants' joint answer and cross-petition were necessarily interrelated, and such defendants would both be affected in material respects by any modification or reversal of the judgment.

We have held that: "In an action in equity, it is the general rule that an appeal brings up the whole case, and that the appellate court passes upon the record as to the facts as well as to the law." State ex rel. Heintze v. County of Adams, 162 Neb. 127, 75 N. W. 2d 539.

Also, as held in Donisthorpe v. Vavra, 134 Neb. 157, 278 N. W. 151: " 'All parties to a cause tried in the district court who may be affected by the modification

or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court.' Barkley v. Schaaf, 110 Neb. 223, 193 N. W. 267." The first assignment of error has no merit.

We turn then to the second assignment of error in disposing of the merits. Such cases are triable de novo, as reaffirmed in Pike v. Triska, 165 Neb. 104, 84 N. W. 2d 311.

In Musil v. Beranek, 160 Neb. 269, 69 N. W. 2d 885, this court held, citing numerous authorities: "The burden of proof is upon one seeking to establish the existence of a constructive trust to do so by evidence which is clear, satisfactory, and convincing in character.

"Trusts arising by implication, or by operation of law, are excepted from the operation of the statute of frauds. Resulting and constructive trusts therefore fall within the exception.

"When a person obtains the legal title to real estate belonging to another by means of fraud or misrepresentation, actual or constructive, the law constructs a trust in favor of the party upon whom the fraud or imposition has been practiced. A court of equity will enforce such a trust for the benefit of the grantor or those claiming under him.

"The existence of an intent to defraud at the time the promise was made may be inferred from the failure to comply with the promise, and the promisor may be presumed to have intended, when he made the promise, to do what he finally did do with respect thereto."

By analogy from that opinion, such rules would apply to and be controlling in the case at bar, wherein Thomas Wecker allegedly so obtained the legal title to an interest in real estate.

In the light of such rules, we have examined the record and conclude, upon trial de novo, that the following facts were established by clear, satisfactory, and convincing evidence: Plaintiff, Anna Wecker, had been diabetic for several years and was 74 years old at the

time of trial. She was the mother of Thomas Wecker and the surviving widow of H. A. Wecker who died intestate May 26, 1950. Lorraine Wecker was the wife of Thomas Wecker. On September 20, 1951, plaintiff was the owner of a life estate in a residence property in Osmond where she lived alone, and the owner of a life estate in a quarter section of land in Pierce County. Prior to the death of plaintiff's husband, the residence property had been deeded to two of their daughters, subject to plaintiff's life estate therein, and a described quarter section of land had been deeded to three sons other than Thomas Wecker, subject to plaintiff's life estate therein. Plaintiff also owned a $5,000 note dated June 16, 1947, due June 1, 1957, with interest at 4 percent per annum from June 1, 1947, payable semiannually, but providing for "Optional payments on any interest date of any amount." The note, payable to plaintiff and her late husband, or the survivor thereof, was signed and delivered by Milford Wecker and his wife Alice V. Wecker, who secured payment of the note by the execution and delivery of a duly recorded real estate mortgage on described farm land in Pierce County owned by Milford Wecker.

Thomas Wecker was aggrieved because he received no part of his father's estate except his share of money left in the bank, and because plaintiff had refused to pay a claim by him against his father's estate for an alleged loan made to his father during his lifetime, and such claim had been denied. Thus, he often importuned plaintiff, his mother, to have her give him the note and mortgage here involved. Plaintiff had a place to live but no money except her share of crop rentals from the farm, of which she had the life estate. Such income was not always adequate to meet her needs. Nevertheless, she was induced by defendants on September 20, 1951, to go to her bank, get her note and mortgage, and accompany defendants to the office of Thomas Wecker's attorney in Pierce. There plaintiff

endorsed the note to Thomas Wecker, executed an assignment of the mortgage to him, and delivered the note, mortgage, and assignment to Thomas Wecker, who immediately recorded the assignment. The purported consideration therefor upon its face was: "One & No/100 DOLLARS and love and affection to her in hand paid by Thomas Wecker." However, the true consideration therefor was an oral agreement between plaintiff and Thomas Wecker that: (1) Plaintiff would receive and be paid all interest accruing on the note and mortgage as long as she lived; (2) that if plaintiff's income from her farm crops was insufficient to meet her needs, he would provide her with needed money when she requested it; and (3) that he would see that plaintiff, after her death, had a funeral just as good as plaintiff's late husband had. In that connection, said defendants denied that such an agreement was ever made or talked about, but claimed that the assignment was a voluntary gift by plaintiff. In such respect, it is worthy to here note that Thomas Wecker's attorney, who handled the transaction, took no part in the trial, but was available and concededly in the courtroom from time to time during the trial, even within the last 20 minutes before the end of defendants' evidence, but he was not called as a witness by defendants.

The existence of the foregoing agreement, together with the promises of Thomas Wecker contained therein, made at the time of receiving the note and mortgage, and that he never intended to perform same, was corroborated by the actions and conduct of both Thomas Wecker and Lorraine Wecker. In that regard, after September 20, 1951, plaintiff, with the knowledge and consent of defendants, was paid and received all of the semiannual interest due and paid on the note and mortgage to and including December 1, 1954, as follows: $100 on December 1, 1951; $100 on June 2, 1952; $100 on December 1, 1952; $100 for June 1, 1953, same being $83 cash paid May 8, 1953, and $17 previously advanced;

$100 on December 1, 1953; $100 for June 1, 1954; and $100 on December 17, 1954. During all of that period Thomas Wecker never claimed to be entitled to such interest and never repudiated the aforesaid agreement in any manner, and at the trial gave no plausible explanation of why plaintiff was paid the interest aforesaid.

Further, defendants produced evidence which corroborated the fact that Thomas Wecker made the alleged oral agreement with and promises to plaintiff as contended by her at the time of receiving the note and mortgage, and that he never intended to perform the promises made by him. In that connection, between the time the note and mortgage were received by Thomas Wecker and the repudiation thereof by him in 1954, and at no other times, defendants advanced needed money to plaintiff when she requested it upon various specified occasions, which acts and conduct conformed with the agreement with plaintiff and the promises made to her by Thomas Wecker.

In late December 1954, more than 3 years after the note had been endorsed to and the assignment of the mortgage had been made to Thomas Wecker and immediately recorded by him, he wrote his brother, Milford Wecker, a registered letter claiming for the first time that he was absolute owner of the note and mortgage and that all future payments should be made to him. Milford Wecker then discussed the matter with Thomas Wecker and told him his understanding of the existing agreement of Thomas Wecker with plaintiff, his mother, whereupon Thomas Wecker equivocally admitted its existence, but said "it was her word against his."

Sometime before the June 1, 1955, interest payment became due, plaintiff learned for the first time that on February 9, 1955, Milford Wecker had paid Thomas Wecker $2,500 on the principal of the note and mortgage, and $19.45 interest to that date. It was then that Thomas Wecker unequivocally repudiated his agree-

ment with plaintiff and claimed the note and mortgage as a gift. When confronted by plaintiff with the agreement between them, Thomas Wecker responded, "that is just" plaintiff's "word against his." At the trial he never denied that such statement was made to plaintiff. However, he did deny part of the alleged conversation with Milford Wecker.

We conclude that Thomas Wecker made the oral agreement with and promises to plaintiff at the time he received the note and mortgage, as alleged by her, and that at that time he never intended to perform the promises which he finally repudiated. Therefore, the trial court properly adjudged that Thomas Wecker held the note and mortgage as constructive trustee for plaintiff; properly appointed a successor-trustee to administer same; and correctly made an accounting between the parties. Any other conclusion would permit Thomas Wecker to perpetrate a fraud upon his mother, the plaintiff.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to Thomas Wecker.

AFFIRMED.