ACTION REALTY CO., INC., APPELLANT, V. MARJORIE L. MILLER, FORMERLY MARJORIE L. AMEN, ET AL., APPELLEES.

215 N. W. 2d 629

Filed February 28, 1974. , No. 39165.

Muffly & Watkins and William M. Berlowitz, for appellant.

Pierson, Pierson & Fitchett and John F. Akin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

CLINTON, J.

The question involved on this appeal is whether or not a judgment for child support rendered on August 13, 1958, against Ronald J. Amen became a lien on certain real estate. The plaintiff, a purchaser of the property in question, sought to quiet title as against the claimed lien. The District Court quieted title in the plaintiff subject to the judgment lien for child support. The plaintiff appeals. We determine the judgment never became a lien upon the interest of Ronald J. Amen and reverse and remand the cause with directions to grant the relief prayed for.

On appeal of an action in equity to this court we try the case de novo. Wecker v. Wecker, 166 Neb. 19, 87 N. W. 2d 624; State ex rel. Heintze v. County of Adams, 162 Neb. 127, 75 N. W. 2d 539.

There is no fundamental conflict in the evidence nor, as we see it, in the inferences to be drawn therefrom and on trial de novo we determine the facts to be as follows: On August 13, 1958, the defendant, Marjorie L. Miller, then Marjorie L. Amen, was divorced from Ronald J. Amen and was awarded judgment for child support in the amount of $50 per month. On August 13, 1963, the award was increased to $80 per month. Amen, on or about June 18, 1962, entered into a contract to purchase the subject property from one Payne. The contract is not in evidence, but such evidence as is before us indicates that it required a cash downpayment of $250 and monthly installments over a period of years. The $250 was paid by Amen to Payne. A deed from Payne to Amen and his present wife was executed but not delivered. On or about August 14, 1962, Amen and his wife entered into a written contract to sell the property to Brocks. At that time an escrow agreement was executed as well as a deed from Amens to Brocks. This deed, together with a copy of the contract, was placed in escrow with the Union Bank. The escrow agreement signed by the Amens and the Brocks referred to deposit of one deed and made reference to the contract of sale. The escrow agreement contained the following instructions: "4. DELIVERY INSTRUCTIONS: Deliver to buyer upon fulfillment of this contract or upon the signatures of all of the parties whose signatures are attached hereto. 5. OTHER INSTRUCTIONS: Escrow office will set up savings account for sellers and place collections to their account as received. *Escrow office will pay on escrow account of Lorango D. Payne and Frances G. Payne. Husband and wife Forty five and no/100 ($45.00) dollars each month from sellers savings account until fulfillment of this contract.*" (Emphasis supplied.)

The contract between Amen and Brock called for a purchase price of $3,600 with a downpayment of $900

and the balance, including interest, at the rate of $55 per month. Brock made the downpayment and took possession. After Brock had made two installment payments to the escrow agent, Payne contacted Brock and the same day the two of them went together to the Union Bank escrow office. What transpired on that occasion is not shown by the evidence except by inference. Brock made all his payments to the Union Bank. In October 1965 Brock sold his interest to plaintiff Action Realty Co., Inc., and received therefor $3,500. Thereafter plaintiff made the installment payments to Union Bank and on August 1, 1966, paid the balance of $700.88. At that time it received from Union Bank the deeds from Payne to Amen and from Amen to Brock. Both deeds were recorded on August 2, 1966. Neither Amen nor Brock had at any time possession of either of these deeds. The evidence is not clear as to the time when the Payne-Amen deed was delivered to the Union Bank. The evidence is clear, however, that there was never any delivery to Amen. It is a reasonable inference from the evidence that Payne, probably on the occasion of his visit to the Union Bank in the company of Brock, placed the deed in escrow for delivery under the same terms as provided under the written escrow agreement between Amen and Brock.

Not until after August 1, 1966, did the plaintiff make any record check or cause an abstract to be made and examined. If a lien of the child support judgment attached to the interest of Amen then the plaintiff took subject to it.

The plaintiff's theory is that the lien of a judgment does not attach to an equitable interest; that Amen had only an equitable interest which continued only until final payment was made to the bank as escrow agent just before delivery of the deed; and that when the deed from Payne together with the deed from Amen to Brock were delivered to the plaintiff by the agent on

August 1, 1966, only the bare legal title passed through Amen and the lien can affect only the judgment debtor's actual interest which was then nil.

The following principles from the decided cases in this jurisdiction support the plaintiff's position. A judgment is not a lien upon the judgment debtor's equitable interest in real estate until the commencement of the creditor's bill to subject the equitable interest to the payment of the judgment or until execution is levied upon the interest of a judgment debtor who is in possession of the real estate in which he has the equitable interest. Nowka v. Nowka, 157 Neb. 57, 58 N. W. 2d 600; Nessler v. Neher, 18 Neb. 649, 26 N. W. 471; Rosenfield v. Chada, 12 Neb. 25, 10 N. W. 465; 92 C. J. S., Vendor & Purchaser, § 315c, p. 206; Flint v. Chaloupka, 72 Neb. 34, 99 N. W. 825; First Nat. Bank of Plattsmouth v. Tighe, 49 Neb. 299, 68 N. W. 490; Steven v. Ford, 187 Neb. 401, 191 N. W. 2d 446; First Nat. Bank v. Spelts, 94 Neb. 387, 143 N. W. 218.

The lien of a judgment does not attach to the mere legal title where the equitable and beneficial interest is in another. Cresswell v. McCaig, 11 Neb. 222, 9 N. W. 52; Withnell v. Courtland Wagon Co., 25 F. 372; 49 C. J. S., Judgments, § 481, p. 920; Knaak v. Brown, 115 Neb. 260, 212 N. W. 431, 51 A. L. R. 237; First Nat. Bank v. Spelts, *supra;* Roberts v. Robinson, 49 Neb. 717, 68 N. W. 1035.

The interest of a vendee under the contract to purchase where no deed has been delivered is an equitable one which may be subjected to the judgment of a creditor of the vendee by appropriate proceedings. 92 C. J. S., Vendor & Purchaser, § 315, p. 205; 49 C. J. S., Judgments, § 480 b, p. 920; Rosenfield v. Chada, *supra;* Nessler v. Neher, *supra;* Nowka v. Nowka, *supra.*

The lien of a judgment for child support or alimony constitutes a lien the same as other monetary judgments and is a lien not only for past due installments

but also as security for installments to fall due in the future. Nygren v. Nygren, 42 Neb. 408, 60 N. W. 885; Wharton v. Jackson, 107 Neb. 288, 185 N. W. 428; Lynch v. Rohan, 116 Neb. 820, 219 N. W. 239.

A party acquiring an interest in real estate after the judgment lien for child support has attached takes the property subject to the lien of the judgment for all installments due or to become due. McCord v. McCord, 128 Neb. 230, 258 N. W. 474.

The appellee Miller relies upon Milligan v. Milligan, 161 Neb. 499, 74 N. W. 2d 74, to support the proposition that delivery to the escrow agent of the Payne to Amen deed passed legal title to Amen while he still had a beneficial interest. The cited case does not support the position of the appellee. In that case the evidence showed that there had been an unconditional delivery of the deed to the third party escrowee. In this case despite the paucity of evidence as to the circumstances under which the Amen-Payne deed came into the escrow agent's possession, it is clear that there was no unconditional delivery and that neither Amen nor any other person for him had unconditional possession of the deed. The general rule is that the delivery by the grantor of a deed to a third person to hold until the happening of a contingency does not operate as a delivery. Ladman v. Ladman, 130 Neb. 913, 267 N. W. 188; Mason v. Strickland, 73 Neb. 783, 103 N. W. 458; Soward v. Moss, 59 Neb. 71, 80 N. W. 268.

Nowka v. Nowka, *supra,* was a creditor's bill to subject the equitable interest of the defendant (legal title being held by his wife) in certain real estate to the lien of a child support judgment. This court there said: "At the time of commencement of this action the title of Frank Nowka as an individual was equitable. Prior thereto no lien for the judgments for alimony and child support existed against it. The lien came into existence with the service of summons in this action."

Previous to 1883 alimony judgments were not liens upon real estate. In that year the Legislature enacted the predecessors to sections 42-319, 42-320, and 42-323, R. R. S. 1943. Thereafter judgments for alimony and, child support became liens upon real estate. Nygren v. Nygren, *supra*. The portions of the statute relevant in this case were not changed until 1972. The pertinent provisions are: "All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, *and may in the same manner be enforced and collected by executions and proceedings in aid thereof, or other action or process as other judgments.*" (Emphasis supplied.) The same statute was thereafter amended by provisions for the release of judgments for "maintenance" of a child and to provide for the period of limitation on the lien for alimony and for "child maintenance." § 42-319, R. R. S. 1943. "In all cases where alimony or other allowance shall be decreed for the wife or for the children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the decree. Upon the neglect or refusal of the husband to give such security, or upon his failure to pay such alimony or allowance, his real or personal estate may be sold as upon execution for the payment of any sums due upon such decree. . . . Judgments and decrees for alimony or maintenance shall be liens upon the property of the husband, and may be enforced and collected in the same manner as other judgments of the court wherein they are rendered." § 42-323, R. R. S. 1943.

The 1972 amendment retains the following provision: "All judgments and orders for payment of money under sections 42-347 to 42-379 shall be liens upon property as in other actions and may be enforced or collected by execution and the means authorized for collection of money judgments." § 42-371, R. S. Supp., 1972.

It is clear that under the statutes and decisions of this court the lien of the judgment for child support did not attach to the equitable interest of Amen in the subject property. No appropriate steps were taken to subject his interest in that property to the lien while his equitable interest remained. When the deed from Payne to Amen was delivered to the plaintiff only the bare legal title without any existing beneficial interest passed through Amen.

The judgment of the lower court is reversed and the cause remanded with directions to grant the relief prayed for.

REVERSED AND REMANDED.