**In the Matter of Dale Roland CARLSON, Debtor.**

**Richard J. BUTLER, Trustee, Plaintiff,**

v.

**Myrtle B. GRIMMINGER, individually and as personal representative of Estate of Earl Grimminger, Defendant.**

**Bankruptcy No. BK93–40067.
Adv. No. A93–4105.**

United States Bankruptcy Court,
D. Nebraska.

Jan. 11, 1995.

646

Mark A. Beck, Fitzke & Beck, Hastings, NE, for Richard J. Butler, Trustee, plaintiff.

Ronald S. Depue, Grand Island, NE, for Myrtle B. Grimminger, individually, Myrtle B. Grimminger, personal representative of Earl Grimminger, Deceased, defendant.

*MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Motion for Summary Judgment by the Trustee (Fil. # 8), the Opposition by Myrtle Grimminger, and the Motion for Summary Judgment by Myrtle Grimminger (Fil. # 9). This case presents the interesting question of whether a creditor receives a voidable preference by obtaining a judgment, within ninety days of bankruptcy, setting aside a fraudulent conveyance by the debtor. I conclude that no preferential transfer occurred under § 547.

### FACTS

Neither party asserts that there is a dispute of material fact, and the case is submitted to the court for decision on stipulated facts (Fils. # 6 and # 19).

On February 8, 1991, Earl and Myrtle Grimminger filed an action against Dale Carlson in the District Court of Hall County, Nebraska, seeking to recover a money judgment for funds improperly converted by Dale Carlson. On November 21, 1991, Dale Carlson transferred a remainder interest in Hall County real estate to his parents, Blanch and Martin Carlson, without receiving fair consideration and with the intent to hinder, delay, or defraud his creditors. This deed was recorded in the Office of the Register of Deeds for Hall County, Nebraska. In March of 1992, Mr. and Mrs..Grimminger obtained a money judgment against Dale Carlson in the action for conversion of funds. Subsequently, on May 1, 1992, the Grimmingers filed a fraudulent conveyance action in the District Court of Hall County, Nebraska to set aside the transfer of Hall County real estate from Dale Carlson to his parents. The Grimmingers duly filed a Notice of Lis Pendens the same day. On January 8, 1993, a judgment was entered in the fraudulent conveyance action, setting aside the transfer of the Hall County real estate from Dale Carlson to his parents. On February 22, 1993, Dale Carlson filed Chapter 7 bankruptcy.

The Trustee commenced this action under § 547 on October 29, 1993, asserting that the Grimmingers received a preferential transfer of a lien within ninety days of bankruptcy by virtue of the order setting aside the conveyance of real estate from Dale Carlson to his parents. Myrtle Grimminger, in her individual capacity and as representative of her deceased husband's estate, has stipulated to all elements of § 547(b) except the require-

ment that there be a transfer of an interest of the debtor within ninety days of bankruptcy. Myrtle Grimminger is not an "insider" within the meaning of § 547. Both parties have moved for summary judgment.

## DISCUSSION

The parties have stipulated that all of the elements of a preference under § 547(b) are satisfied except for the requirement that the transfer must take place within the ninety days preceding bankruptcy. Therefore, the question before this court is whether a transfer occurred for purposes of § 547 within ninety days preceding the filing of the bankruptcy case. The bankruptcy Trustee asserts that a transfer took place at the time the state court entered a judgment setting aside the fraudulent conveyance of the Hall County real estate from the debtor to his parents. That judgment was entered within ninety days preceding bankruptcy. In contrast, Mrs. Grimminger asserts that any transfer that occurred took place more than ninety days before bankruptcy. Mrs. Grimminger argues that the transfer of an interest in the property took place either at the time a money judgment was obtained against the debtor in the action for improperly converting funds, or at the time the fraudulent conveyance action was commenced and a lis pendens notice was filed with respect to the property.

The application of § 547 to the facts of this case is complex. As detailed below, I conclude that a transfer of an interest in the subject property occurred at the time Mr. and Mrs. Grimminger commenced the fraudulent conveyance action. A transfer of an interest also occurred at the time Mr. and Mrs. Grimminger filed the lis pendens notice. These transfers did not constitute avoidable preferences because they occurred more than ninety days preceding bankruptcy. During the ninety days preceding bankruptcy the state court issued a judgment setting aside the fraudulent conveyance. However, the fraudulent conveyance judgment did not have a preferential effect. This judgment did not allow Mr. and Mrs. Grimminger to receive more than they would have received in a Chapter 7 liquidation, because Mr. and Mrs.

Grimminger already possessed a perfected lien on the Hall County real estate by virtue of having commenced the fraudulent conveyance action and filed a lis pendens notice.

■ Section 101(37) of the Bankruptcy Code defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37) (1995). Except in circumstances not present in this case, a transfer is made for purposes of § 547(b) at the time the transfer is "perfected." Under § 547(e)(1)(A) an interest in real property is "perfected" for purposes of § 547 "when a bona fide purchaser of such property from the debtor ... cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(A) (1995).

■ Under Nebraska law, a judicial lien does not attach to an equitable interest in property. *Action Realty Co. v. Miller*, 191 Neb. 381, 215 N.W.2d 629, 631 (1974) (citations omitted). Thus, the money judgment obtained by the Grimmingers in the action for wrongfully converting funds did not, by itself, create a judicial lien on the Hall County property. Prior to the entry of that judgment, the judgment debtor, Dale Carlson had already conveyed the property to his parents. Thus, Dale Carlson retained no legal interest under Nebraska law to which the judgment lien could attach.

■ However, under Nebraska law, by commencing an action to recover property, such as an action to set aside a fraudulent conveyance, the party bringing the action obtains a specific lien on the property. See *Flint v. Chaloupka*, 72 Neb. 34, 99 N.W. 825, 826 (1904) (stating that the commencement of an action to set aside a conveyance creates a specific lien on the property); *Nowaka v. Nowaka*, 157 Neb. 57, 58 N.W.2d 600, 605 (1953) (citations omitted); *Action Realty Co. v. Miller*, 191 Neb. 381, 215 N.W.2d 629, 631–32 (1974) (citations omitted). This lien can not be defeated by a subsequent bona fide purchaser of the property. *Action Realty Co.*, 215 N.W.2d at 631 (citations omitted); *Nowaka*, 58 N.W.2d at 605. Thus, for purposes of § 547, an interest in the subject property was transferred to Grimmingers

648

and perfected at the time the fraudulent conveyance action was commenced.

 Furthermore, under Nebraska law, by filing a lis pendens notice on May 1, 1992, all subsequent actions involving the real estate in question became subject to the interest of the Grimmingers. See Neb.Rev.Stat. § 25–531 (Reissue 1989) (providing that once a lis pendens notice is filed, a third party can not acquire an interest against the title while the action is pending); *Tesar v. Leu,* 156 Neb. 528, 56 N.W.2d 803 (1953). The lis pendens notice, indicating the interest of the Grimmingers in the subject property, constituted a "lien" for purposes of § 101(37). *Id.* Since a bona fide purchaser could not acquire an interest in the property superior to that of the Grimmingers once the lis pendens notice was filed, under § 547(e)(1)(A) the interest of the Grimmingers was perfected, and consequently a transfer occurred, at the time the lis pendens notice was filed. *Id.*

Thus, more than ninety days preceding bankruptcy, the Grimmingers obtained a lien in the Hall County real estate by virtue of commencing the fraudulent conveyance action and filing the lis pendens notice. These transfers may not be set aside under § 547.

Arguably the Grimmingers received an additional transfer of an interest in the subject property within ninety days of bankruptcy at the time a judgment was entered in state court setting aside the conveyance. However, the transfer that occurred by entry of the judgment is not an avoidable preferential transfer because setting aside the conveyance from Dale Carlson to his parents did not enable the Grimmingers to receive more than they would have received in a Chapter 7 case absent entry of the judgment. See 11 U.S.C. § 547(b)(5) (1995). Legal title vested in the debtor at the time the fraudulent conveyance was set aside, and a transfer from the debtor to the Grimmingers subsequently occurred because the judgment lien from the Hall County money judgment attached to the subject property. However, this judgment lien was redundant of liens already held by the Grimmingers by virtue of the commencement of the fraudulent conveyance action and the filing of the lis pendens notice, and therefore the judgment lien did not enable the Grimmingers to receive more than they would have received without the judgment lien. Thus, obtaining the judgment lien within ninety days of bankruptcy did not have a preferential effect, and the requirement of § 547(b)(5) is not met.

The Grimmingers obtained an interest in the Hall County real estate more than ninety days before bankruptcy, and any transfer that occurred within ninety days was not preferential in effect. The Trustee may not avoid the interests of Mr. and Mrs. Grimminger in the Hall County real estate, and judgment will be entered for Myrtle Grimminger in this adversary proceeding.